H. A. MILLER, J. W. OULD COMPANY, A CORPORATION UN-
DER THE LAWS OF THE STATE OF VIRGINIA, FRED C. ROLL-
MAN AND HUGH McCABE, AS THE SCHUYLKILL MILLS, A.
HAILMAN & COMPANY, A CORPORATION UNDER THE LAWS
OF THE STATE OF NEW YORK, AND SAMUEL FRY AND HEN-
RY FRIEDSAM CO-PARTNERS DOING BUSINESS AS FRY &
FRIEDSAM, *Appellants.* v. JAMES BERRY, *Appellee.*

### Opinion Filed July 8, 1919.

1   The lien of a judgment under the statutes of Florida is effective
    only as to the benefiqail interest of the judgment debtor in
    real estate.

2   When it affirmatively appears that a judgment creditor has
    not acquired substantial rights on the faith of, or by reason
    of the record showing the title to real estate to be in the
    judgment debtor, the beneficial owner thereof is not estopped
    to assert his ownership as against such creditor.

3.  In the absence of estoppel, the registry statute does not
    operate to convey title in or to create a lien upon property.

4.  The maxim "He who comes into equity must come with clean
    hands" does not apply to wrongs committed at large by those
    who resort to equity for relief, but is confined to misconduct
    in the matter in litigation and must concern the opposite
    party.

An Appeal from the Circuit Court for Polk County;
John S. Edwards, Judge.

Decree affirmed.

*R. B. Huffaker* and *A. Summerlin,* for Appellants;

*Olliphant & Olliphant,* for Appellee.

REAVES, Circuit Judge.—The appellee, hereinafter called the complainant, fearing that his property might become involved as a result of domestic troubles which he was unhappily experiencing, conveyed the same to his friend Miller by warranty deed which was recorded, and at the same time took from Miller a signed statement that he would redeem the property at any time, and also a quit-claim deed which complainant kept, but, of course, did not record.

At the time of this transaction several judgments existed against Miller, of which complainant had no knowledge, and executions were promptly levied upon the land described in the above mentioned deed, whereupon complainant filed his bill to enjoin the sale of the property under said executions and for other relief.

The only question presented to this court is, what rights, if any, have Miller's judgment creditors in the property described in said deed?

Unless it can be said that the land actually became the property of Miller, or that the title was allowed to appear in him of record under such circumstances as to estop complainant from asserting title against Miller's judgment creditors, they have no rights in the premises.

As to the first alternative, it is conceded that Miller never owned the property, nor had any beneficial interest whatever therein, and the law makes a judgment lien effective only as to the actual beneficial interest of the judgment debtor. Hunter v. State Bank of Florida, 65 Fla. 202, 61 South. Rep. 497; Jacobs v. Scheurer, 62 Fla. 216, 57 South. Rep. 356.

As to the second alternative, it seems clear that no estoppel operates to preclude complainant from showing the true facts. All the judgments against Miller existed before he acquired the deed in question. Credit was not extended, nor any judgment recovered upon the faith of the record title in Miller. In fact, the position of the judgment creditors has been in no way affected by the transaction in question.

To be sure the record of the deed may have given them hope of satisfying their judgments and the discovery of the fact that the deed vested no beneficial interest in the grantee may have dissipated their hopes, but hope and disappointment alone do not estop the true owner of property from claiming his own. No substantial right was acquired on the faith of or by reason of the record showing an interest in the judgment debtor, hence no estoppel arises, and in the absence of estoppel the registry statute does not operate to convey title in or to create a lien upon property. Hunter v. State Bank of Florida, *supra*.

The maxim, "He who comes into equity must come with clean hands," though not expressly invoked by defendants, has not been overlooked by us, but it seems not to apply in this case. It may be that complainant intended by making the deed to Miller to escape obligations which his wife might lawfully incur against him, and as against such creditors his hands might be unclean, but as against the then judgment creditors of Miller, complainant is guilty of no misconduct. To make the maxim applicable, the misconduct must be connected with the matter in litigation and must concern the opposite party. It must affect the equitable right asserted against the defendant. 1 Pomeroy's Eq. Jur. (3rd ed.) 399.

"A court of equity is not an avenger of wrongs committed at large by those who resort to it for relief, however careful it may be to withhold its approval from those who are involved in the subject-matter of the suit, and which prejudicialy affect the rights of one against whom relief is sought." Kinner v. Lake Shore & M. S. Ry. Co., 69 Ohio St. 339, 69 N. E. Rep. 614.

The decree appealed from should be affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the decree herein be and the same is hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.