**Al B. BLOCK, Appellant,**

v.

**A. M. KIDDER & COMPANY, Inc.,**
**Appellee.**

No. 18129.

United States Court of Appeals
Fifth Circuit.

March 29, 1960.

Julius F. Parker, John A. Madigan, Jr., Caldwell, Parker, Foster, Madigan, Oven & Moriarty, Tallahassee, Fla., for appellant.

J. Velma Keen, A. Frank O'Kelley, Charles H. Spitz, Keen, O'Kelley & Spitz, Tallahassee, Fla., for appellee.

Before HUTCHESON, TUTTLE and JONES, Circuit Judges.

PER CURIAM.

The judgment of the trial court is affirmed. This suit was based on a cause of action admittedly existing, if at all, against A. M. Kidder & Company, a limited partnership. The complaint alleged that "all of the partnership's liabilities have been assumed by A. M. Kidder & Co., Inc." This allegation was denied by the corporation. The proof showed conclusively that this particular liability was not assumed. Appellant's claim that appellee was nevertheless estopped to deny such assumption cannot be sustained for two reasons: (1) No false statement is shown to have been made to the Florida Securities Commission by the corporation;[1] (2) No reliance on any supposed misstatement caused any detriment to the appellant. See Miller v. Berry, 78 Fla. 98, 82 So. 764. The right of action on which appellant sued the corporation was unmistakably available to him as against the partnership. It is still available against it. No pretense even is made that since the writing of the letter (even were it false) anything has transpired which makes Block's right against the partnership any less appro-

priate, available, or effective, than it was on the date of the incorporation of the appellee.

Judgment affirmed.

---

1. The letter from appellee stated that "The program calls for the transfer of *substantially* all of the assets of the Partnership * * *, subject to *sub-* *stantially* all of its liabilities". (Emphasis added.) In point of fact 98.865% of the assets and liabilities were transferred and assumed.