368 So.2d 430 (1979)
Reba Jean BUKSZAR, Appellant,
v.
Walter BUKSZAR, Appellee.
No. 78-1793.
District Court of Appeal of Florida, Second District.
March 7, 1979.
*431 Judith Petersen, Bay Area Legal Services, Inc., Dade City, for appellant.
No appearance for appellee.
RYDER, Judge.
Mrs. Reba Jean Bukszar seeks reversal of an order adjudging her guilty of indirect criminal contempt. After careful review, we find that her appeal has merit.
Mrs. Bukszar's husband filed a petition for dissolution of marriage on April 19, 1978, alleging that there were two children born of the marriage who were in the custody of Mrs. Bukszar. The petition asked that he be awarded the custody of the children. After a final hearing, the court entered a judgment dissolving the marriage, granting temporary custody to Mr. Bukszar with visitation rights awarded to Mrs. Bukszar and reserving jurisdiction to determine permanent custody, visitation and support of the children. On August 30, 1978, Mr. Bukszar filed an unsworn motion for contempt, petition for modification of final judgment and notice of hearing. Therein he alleged that Mrs. Bukszar failed to return the minor daughter following a visitation period on August 4, 1978, but that he had obtained the return of said daughter and, further, that Mrs. Bukszar had removed herself from the jurisdiction of the court. He asked for permanent custody of the minor children and for entry of an order finding his former wife in contempt of court. The court held a hearing on the contempt motion and found appellant in willful indirect criminal contempt. She was sentenced to serve five days in the Pasco County Detention Center.
Before a court may find a person to be in indirect criminal contempt, it must strictly follow the procedures set forth in Florida Rule of Criminal Procedure 3.840. Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977); Vines v. Vines, 357 So.2d 243 (Fla.2d DCA 1978).[1] Here, the facts that we have *432 stated demonstrate that the trial court did not comply with those procedures. In particular, we note that the court failed to issue an order to show cause. Accordingly, we vacate the order of contempt.
GRIMES, C.J., and BOARDMAN, J., concur.
NOTES
[1] Rule 3.840. Indirect Criminal Contempt

(a) Indirect (Constructive) Criminal Contempt. A criminal contempt except as provided in the preceding subsection concerning direct contempts, shall be prosecuted in the following manner:
(1) Order to Show Cause. The judge, of his own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring him to appear before the court to show cause why he should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of the defense after service of the order on the defendant.
(2) Motions; Answer. The defendant, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars or answer such order by way of explanation or defense. All motions and the answer shall be in writing unless specified otherwise by the judge. A defendant's omission to file motions or answer shall not be deemed as an admission of guilt of the contempt charged.
(3) Order of Arrest; Bail. The judge may issue an order of arrest of the defendant if the judge has reason to believe the defendant will not appear in response to the order to show cause. The defendant shall be admitted to bail in the manner provided by law in criminal cases.
(4) Arraignment; Hearing. The defendant may be arraigned at the time of the hearing, or prior thereto upon his request. A hearing to determine the guilt or innocence of the defendant shall follow a plea of not guilty. The judge may conduct a hearing without assistance of counsel or may be assisted by the prosecuting attorney or by an attorney appointed for that purpose. The defendant is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his own defense.
All issues of law and fact shall be heard and determined by the judge.
(5) Disqualification of Judge. If the contempt charged involves disrespect to or criticism of a judge he shall disqualify himself from presiding at the hearing. Another judge shall be designated by the Chief Justice of the Supreme Court.
(6) Verdict; Judgment. At the conclusion of the hearing the judge shall sign and enter of record a judgment of guilty or not guilty. There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty.
(7) The Sentence; Indirect Contempt. Prior to the pronouncement of sentence, the judge shall inform the defendant of the accusation and judgment against him and inquire as to whether he has any cause to show why sentence should not be pronounced. The defendant shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the defendant.