390 So.2d 809 (1980)
Barry Ola PENNINGTON, Appellant,
v.
Betty Jean PENNINGTON, Appellee.
No. 80-74.
District Court of Appeal of Florida, Fifth District.
December 3, 1980.
Charles Holcomb of Holcomb, Theriac & Steinberg, Merritt Island, for appellant.
No appearance for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Barry Ola Pennington appeals an order denying his motion for contempt and enforcement of certain provisions of the final judgment of dissolution.
The dissolution judgment entered in 1971 incorporated a property settlement, custody and support agreement. Custody of the children was given to the wife. She was also awarded the furniture and exclusive possession of the marital home for as long *810 as she and the children resided in it. The husband was to make the mortgage payments and child support. The agreement provided that when the wife vacated the home, she would convey her interest to the husband and the child support would be increased.
In June of 1976, Mrs. Pennington and the children vacated the home and the husband increased the support payments but she has refused to convey her interest.
On November 9, 1979, appellant filed a motion requesting the court to find the wife in contempt and to compel her to convey. Mrs. Pennington was served by mail in West Virginia with the motion and the notice but failed to appear. The court denied the motion for contempt and enforcement, justifying the refusal on the ground that Mrs. Pennington was not present and that appellant did not come into equity with "clean hands" because he had not paid the child support through the clerk of the court as required by the judgment. The court stated that the requirement that the wife convey her interest was "tied" to child support and maintenance.
It is well established that "one who comes into equity must come with clean hands." Roberts v. Roberts, 84 So.2d 717 (Fla. 1956). However, the doctrine of clean hands is not a "judicial straight jacket" and it is not essential that those who invoke equity lead blameless lives. Equity also regards substance over form and seeks justice rather than technicality. Coleman v. Coleman, 191 So.2d 460 (Fla. 1st DCA 1966).
Although technically appellant failed to comply with the judgment, there is no evidence of nonsupport. The payments were made directly to the wife and she was not harmed or prejudiced in any way by this omission. Appellant even paid the increased child support despite her refusal to convey. Generally, the conduct constituting the "unclean hands" must be connected with the matter in litigation and must affect the adverse party. Faber v. Landman, 123 So.2d 405 (Fla. 2d DCA 1960). Here, the matter in litigation was the requirement of the agreement that the wife convey her interest and not the improper payment of child support. While the husband's failure to pay the child support through the court may have adversely affected the record keeping of the clerk's office, it in no way justified the wife's refusal to convey her interest.
If the trial court thought it were being asked to hold the wife in "indirect criminal contempt," it may have been right in its refusal to grant relief because the husband did not comply with Rule 3.840, Florida Rules of Criminal Procedure. Bukszar v. Bukszar, 368 So.2d 430 (Fla. 2d DCA 1979). No show cause order was entered by the court nor applied for. However, a civil contempt proceeding does not require a show cause order and service by mail is sufficient. Spencer v. Spencer, 311 So.2d 822 (Fla. 3d DCA 1975). While there is unquestionably a practical problem with enforcement of the order or contempt against a party who is in another state, the court has jurisdiction to enter the order.
Here, the court could have granted an effective remedy by appointing a commissioner to execute a deed for the wife, or the like, and should have done so. Trawick, Fla.Prac. & Proc. § 27-7 (1979).
Mrs. Pennington did not secure counsel or contact the court in any way. The court's requirement that she be physically present before Mr. Pennington could prevail was unreasonable and penalized him for the actions of a person over whom he had no control.
REVERSED and REMANDED.
DAUKSCH, C.J., and SHARP, J., concur.