SCHWARTZ, Chief Judge.
The appellant, which succeeded to the rights of the mortgagee in a foreclosure proceeding, appeals from the complete denial of an application for a deficiency judgment. We reverse.
After a summary judgment on the underlying debt for $782,589.42 in principal, interest, costs and fees, the appellant successfully bid $100.00 for the property at the foreclosure sale. In the ensuing trial of its claim for a deficiency, the only evidence of the property’s value was introduced by Addison itself, whose expert estimated it at up to $600,000.00. The defendant-mortgagor presented no testimony on the issue. It is the burden of the mortgagor in resisting a deficiency judgment to demonstrate that the secured property obtained at the sale by the mortgagee was worth more than the outstanding debt— indeed, more than the price bid at the sale. Liberty Business Credit Corp. v. Schaffer/Dunadry, 589 So.2d 451, 452 (Fla. 2d DCA 1991); Thunderbird, Ltd. v. Great Am. Ins. Co., 566 So.2d 1296, 1299 (Fla. 1st DCA 1990); Fara Mfg. Co., Inc. v. First Fed. Sav. & Loan Ass’n, 366 So.2d 164,165 (Fla. 3d DCA 1979). This burden was obviously not sustained below. The trial court therefore erred in denying the mortgagee any deficiency whatever. Under the present circumstances, the court is bound by the only competent evidence on the point, as gratuitously introduced, despite the absence of any obligation to do so, by the mortgagee. See Savers Fed. Sav. & Loan Ass’n v. Sandcastle Beach Joint Venture, 498 So.2d 519 (Fla. 1st DCA 1986); Fara Mfg. Co., Inc., 366 So.2d at 165. Accordingly, the judgment is reversed and the cause remanded with directions to enter a deficiency judgment calculated on a $600,-000.00 value of the property in question.
Reversed and remanded with directions.