KLEIN, Judge.
The appellants held a mortgage on a residence owned by appellee which went into default. They appeal the trial court’s denial of a deficiency, and we reverse, finding that the court erred in failing to deduct unpaid real estate taxes when it determined the fan-market value of the home.
Following a trial, a final judgment of foreclosure was entered determining that $296,-366 was due under the mortgage. The property was sold at a public sale, and the lenders purchased it for a nominal sum after there were no other bids. The lenders then moved for a deficiency in the same proceeding.
The evidence at the deficiency hearing reflected appraisals of the property ranging from substantially below the amount owed on the mortgage to a high of $300,000. The evidence also reflected that the real estate taxes had not been paid for 1993 or 1994 and totalled more than $17,000. The court denied the deficiency in an order which did not contain findings of fact, but on rehearing stated that the court had relied on the tax assessed value of $298,000 to conclude that the fair market value was higher than the amount owed.
The lenders appeal, arguing that if the court found the home to have a value between $298,000, and $300,000 the court should have reduced that number by the amount of unpaid taxes because the home is worth that much less than it would have been if the taxes were not owed. The lenders rely on First Union National Bank of Florida v. Goodwin Beach Partnership, 644 So.2d 1361 (Fla. 5th DCA 1994), rev. denied, 659 So.2d 271 (Fla.1995) which is on all fours, and in which the majority concluded that the delinquent taxes should have been considered when the court determined the fair market value. We have considered Judge Sharp’s dissent, in which she construes earlier Florida cases to require that the lender foreclosing a mortgage have the unpaid real estate taxes included in the judgment of foreclosure, or be barred from relying on the unpaid taxes as a credit in the deficiency proceeding under the doctrine of res judicata. Judge Sharp candidly recognized that the lender’s position was “not without considerable logic,” id. at 1366, and was consistent with authorities from other jurisdictions. She felt bound to follow a prior decision of her own court, which the majority distinguished. We have not been cited any decision from our court which would conflict with the majority in *880 First Union and, being persuaded by its reasoning, adopt it.
We therefore reverse and remand for the trial court to deduct the amount of real estate taxes owed as of the date of the foreclosure sale, from the fair market value, and enter a deficiency judgment for the difference between that amount and the amount found to be due in the final judgment of foreclosure.
WARNER and SHAHOOD, JJ., concur.