695 So.2d 936 (1997)
Patrick N. CHIDNESE, Appellant,
v.
Mark R. McCOLLEM; Kevin J. D'Espies; Kimberly D'Espies; and McCollem and D'Espies, P.A., a Florida professional association, Appellees.
No. 95-3763.
District Court of Appeal of Florida, Fourth District.
July 2, 1997.
*937 G. Bart Billbrough of Walton Lantaff Schroeder & Carson, Miami, for appellant.
Emilie M. Tracy of Emilie M. Tracy, P.A., Fort Lauderdale, for Appellee Mark R. McCollem.
Kevin J. D'Espies of Kevin J. D'Espies, P.A., Fort Lauderdale, for Appellees Kevin J. D'Espies and Kimberly S. D'Espies.
WARNER, Judge.
In granting foreclosure of a mortgage, the trial court denied any claim for a deficiency judgment even prior to the sale of the property. We hold that it was error to decide that the appellant was not entitled to a deficiency decree in advance of the sale of the property at foreclosure.
Appellant and appellees were law partners but had dissolved their association. Prior to this action, the parties had been involved in litigation to dissolve the partnership. As a result of that litigation, the parties had agreed to share in fees on several cases which had already been settled or tried and had judgments entered. In April of 1993, appellant agreed to waive his right to fees pursuant to the earlier settlement. At the same time, appellant sold an office building and its contents to appellees, who executed a promissory note for $800,000 and a mortgage on the building.
The sale of the office building and contents called for a balloon payment in April of 1994, which the appellees failed to make. Their default resulted in this foreclosure action being filed, requesting foreclosure on the building and a deficiency judgment. At trial, the only issue in question was the amount due and owing on the promissory note and set-offs alleged by the appellees. It was revealed in the evidence that the documentary stamps attached to the deed to appellees were only sufficient to cover $600,000 of the sales price. Appellant's accountant had made a decision to allocate the sales price between the real property and the personalty.
During the presentation of appellant's case in chief, the appellees were allowed to call out of turn an attorney who represented one of the law firm's former clients. The fee earned on the file was one of the fees originally included in the settlement agreement, but the client was now suing both appellant and appellees for legal malpractice. The evidence was offered to show that while the fee for that file was $200,000, and appellant had been credited with that amount, the malpractice claim made it valueless.
At the close of the appellant's evidence, the appellees moved for a directed verdict, claiming that the appellant had not pled a cause of action on the promissory note, and no evidence with regard to the note had been presented other than it had been signed. Appellees asserted that this prevented the entry of a deficiency judgment. The court took the issue under advisement, adjourning the trial and receiving memoranda from both parties.
Without resuming the trial, the court entered its final judgment. It found that appellees had defaulted in their payment of the note and mortgage, that appellant was due $993,177.56 under the note and mortgage, and provided for the judicial sale of the property if the sums were not paid. As to *938 the deficiency, the court provided that it "had considered the law received from the parties and has determined that the equities [are] with Defendant and against the [appellant]." It therefore did not reserve jurisdiction to assess a deficiency judgment.
Appellant contends that the trial court erred in failing to reserve jurisdiction to consider a deficiency judgment. We agree. The granting or denying of a deficiency decree is in the court's "`sound judicial discretion,' which must be supported by established equitable principles as applied to the facts of the case, and the exercise of which is subject to review on appeal." Norwest Bank Owatonna, N.A. v. Millard, 522 So.2d 546, 547 (Fla. 4th DCA 1988) (quoting Carlson v. Becker, 45 So.2d 116, 116 (Fla. 1950)); accord, Scheneman v. Barnett, 53 So.2d 641 (Fla.1951). This discretion is not unbridled, as the granting of a deficiency decree is the rule rather than the exception. S/D Enters., Inc. v. Chase Manhattan Bank, 374 So.2d 1121, 1122 (Fla. 3d DCA 1979); Baxter v. Kobs, 451 So.2d 955 (Fla. 3d DCA 1984). The secured party has the burden of proving that the fair market value of the property was less than the total debt determined by the final judgment. See Norwest Bank, 522 So.2d at 547. The mortgagor may offer evidence to refute the mortgagee's contention. Addison Mortgage Co. v. Weit, 613 So.2d 104 (Fla. 3d DCA 1993). The trial court must then determine whether there are any "equitable considerations" that warrant a reduction of the actual deficiency. Federal Deposit Ins. Corp. v. Morley, 915 F.2d 1517 (11th Cir.1990). When a court does not state any legal or equitable principles justifying an award for less than the full amount of the deficiency, it is an abuse of discretion. Morgan v. Kelly, 642 So.2d 1117 (Fla. 3d DCA 1994).
We have not encountered a case where the court has denied a deficiency judgment prior to ascertaining what price the property will fetch on sale or a determination of the fair market value of the property. The court cannot exercise its discretion if it does not know how much the property is worth, either through sale or other evidence of fair market value. No evidence of fair market value was submitted at trial.
Appellees suggest that equitable considerations were in the record from which the trial court could deny the deficiency. While the trial court indeed stated that equitable considerations warranted denial of the deficiency, the final judgment did not specify what those considerations were. We have held that the court must state with particularity the equitable principle on which it relies in denying or reducing a deficiency decree. Mizner Bank v. Adib, 588 So.2d 325 (Fla. 4th DCA 1991).
In addition, two other considerations militate against appellees' argument. First, the cases cited above indicate that equitable considerations upon which the trial court might deny a deficiency should be presented after the potential deficiency is determined (amount of judgment on note less fair market value of property). Before that, the trial court would not be able to determine what set-off might be appropriate. For instance, if it turned out that the property was worth only $400,000 because of market declines, would the court deem that equitable considerations merited the denial of the entire difference between the judgment in excess of $900,000 and the value of the property? Certainly on this record we could not come to that conclusion. Secondly, the trial court determined the issue without hearing the entire case. It had heard the appellant's case and one witness for the appellees whose testimony may have related to the trial court's ruling that equitable considerations required the denial of a deficiency. But the court failed to permit the appellees to finish their case or the appellant to offer any evidence in rebuttal to the appellees' claims.
For these reasons, we reverse and remand for the trial court to conduct an evidentiary hearing on the request for a deficiency decree after the judicial sale of the property is complete.
KLEIN, J., and BARR, ROBBIE M., Associate Judge, concur.