PER CURIAM.
The appellants appeal the deficiency judgment entered against them. The ap-pellee (“FDIC”) cross-appeals the deficiency amount based on the court’s failure to include the amount of unpaid ad valorem taxes in its deficiency calculation. We affirm in all respects, except we reverse and remand for a recalculation of the deficiency amount.
The FDIC asserts the trial court erred in its determination of the deficiency amount by failing to reduce the fair market value of the property by the amount of unpaid ad valorem taxes. In addition, the FDIC argues that the trial court could not equitably reduce the deficiency without first determining the full deficiency amount. We agree.
The trial court has discretion with respect to granting or denying a deficiency judgment; however, granting a deficiency judgment is more the rule than the exception. See Chidnese v. McCollem, 695 So.2d 936, 938 (Fla. 4th DCA 1997). The moving party has the burden of proving the fair market value of the property is less than the debt owed, and non-moving parties may then refute the moving party’s evidence by offering their own evidence. See id. Because “real estate with an out *1158 standing tax indebtedness against it is worth less than that same property free and clear of debt,” the amount of delinquent taxes should be considered when determining the fair market value. First Union Nat'l Bank v. Goodwin Beach Partnership, 644 So.2d 1361, 1362 (Fla. 5th DCA 1994); see Chidnese v. McCollem, 696 So.2d 879, 879-80 (Fla. 4th DCA 1997). “[Ejquitable considerations upon which the trial court might deny a deficiency should be presented after the potential deficiency is determined (amount of judgment on note less fair market value of property). Before that, the trial court would not be able to determine what set-off might be appropriate.” Chidnese, 695 So.2d at 938.
In the present case, the trial court failed to follow the proper procedure by not including the amount of unpaid ad valorem taxes in its deficiency calculation, i.e., reducing the property’s fair market value by the amount of delinquent taxes. Pursuant to Chidnese, the trial court should have reduced the fair market value by the amount of delinquent taxes, determined the total deficiency, and then made a reduction if equitable. Accordingly, we reverse and remand for a recalculation of the deficiency amount.
AFFIRMED in part, REVERSED in part, and REMANDED.
GUNTHER, KLEIN and STEVENSON, JJ., concur.