832 So.2d 194 (2002)
Mark R. McCOLLEM, Appellant,
v.
Patrick N. CHIDNESE, Appellee.
Nos. 4D01-3262, 4D01-3265.
District Court of Appeal of Florida, Fourth District.
November 27, 2002.
*195 Mark R. McCollem, Fort Lauderdale, for appellant.
Laura Douglas Donlon, Palm Beach Gardens, for appellee.
STEVENSON, J.
The instant foreclosure litigation arises out of Patrick Chidnese's sale of an office building, including its contents, to Mark R. McCollem and Kevin J. and Kimberly S. D'Espies (collectively McCollem) for $800,000. In this consolidated appeal, Mark McCollem challenges the final judgment of the trial court awarding a deficiency judgment in favor of Chidnese. On cross-appeal, Chidnese contests the trial court's reduction of the deficiency judgment on the basis of unclean hands. We reverse the reduction of the deficiency judgment and affirm in all other respects.
This is the second time that the court has reviewed this controversy. In the first case, the trial court entered a foreclosure judgment, finding that McCollem had defaulted on the payment of the note and mortgage, that Chidnese was due $993,177.56 under the note and mortgage, and providing for the judicial sale of the property if the sums were not paid. See Chidnese v. McCollem, 695 So.2d 936, 937 (Fla. 4th DCA 1997). The trial court did *196 not reserve jurisdiction to assess a deficiency judgment, stating that the "equities [were] with Defendant and against [Chidnese]." Id. at 938. On appeal, we held that the trial court erred in denying a deficiency judgment prior to ascertaining the fair market value of the property. The court noted that once entitlement to a deficiency judgment was established ("amount of judgment on note less fair market value of property"), the trial court could then determine if equitable considerations warranted reduction of the actual deficiency. Id.
On remand, the trial court determined that the fair market value of the property, including its contents, was $600,000. As a result, the trial court determined that Chidnese was entitled to a preliminary deficiency judgment in the amount of $399,036.58.[1] The trial court further considered evidence that in the purchase of State of Florida documentary stamps, Chidnese's accountant had decided to allocate the purchase price between the real property ($600,000) and the personalty ($200,000) located in the property. Thus, the documentary stamps attached to the deed to McCollem only covered $600,000 of the total $800,000 purchase price. The trial court found that this decision to allocate $200,000 of the $800,000 purchase price to the personalty located in the building, in order to save on paying documentary stamp fees and real estate commissions, was "inappropriate" and brought Chidnese to court "with unclean hands." Consequently, the trial court reduced the preliminary deficiency judgment of $399,036.58 by $200,000.
Discussion
"A court may, under equitable principles, refuse to award a deficiency decree because to do so would be wholly inequitable, or, if one is awarded, the amount of the deficiency may be materially reduced on equitable principles." Maudo, Inc. v. Stein, 201 So.2d 821, 823 (Fla. 3d DCA 1967); see also Knight Energy Servs., Inc. v. Amoco Oil Co., 660 So.2d 786, 789 (Fla. 4th DCA 1995)(stating that "[a] foreclosure action is an equitable proceeding which may be denied if the holder of the note comes to the court with unclean hands or the foreclosure would be unconscionable"). The appellate court should defer to a trial court's well-reasoned equitable findings. See Vanguard Constr. Co. v. Lewis State Bank, 348 So.2d 72 (Fla. 1st DCA 1977).
Nevertheless, the conduct constituting the unclean hands, which the court uses as a basis to reduce the deficiency judgment, must generally be connected with the matter in litigation and must affect the adverse party. See Pennington v. Pennington, 390 So.2d 809, 810 (Fla. 5th DCA 1980). A court of equity is not "`an avenger of wrongs committed at large by those who resort to it for relief.'" McIntosh v. Hough, 601 So.2d 1170, 1172 (Fla.1992)(quoting Miller v. Berry, 78 Fla. 98, 82 So. 764, 765 (1919)); see also Dale v. Jennings, 90 Fla. 234, 107 So. 175, 180 (1926). The fact that a party's conduct is disreputable is entirely irrelevant where the party asserting unclean hands is not the target of, and has taken no action in reliance on that conduct, however disdainful of that conduct a court may be. See McIntosh, 601 So.2d at 1172-73. A party must prove that he was injured in order for the unclean hands doctrine to apply. See Sandusky v. First Nat'l Bank of Sikeston, 299 Ark. 465, 773 S.W.2d 95 (1989).
*197 We find the Sandusky case particularly persuasive here. In Sandusky, appellants obtained four loans from appellee, a bank. See 773 S.W.2d at 96. The bank anticipated selling the notes and mortgages in secondary markets, and, in order to do so, intended to obtain mortgage insurance payment certificates from the Federal Housing Administration. As part of the loan transaction, appellants were charged premiums for the federal mortgage insurance certificates, but appellee negligently failed to obtain the insurance on three of the four loans. See id. at 96-97. Appellee subsequently sold the four loans to another financial institution. See id. at 97. Appellants then defaulted on their loans, which required appellee to repurchase the three loans. Appellee filed suit for foreclosure on the three mortgages and, after sale of the real estate, sought a deficiency judgment. Appellants argued that the bank's failure to obtain mortgage insurance should have excused them from the deficiency judgment. See id. at 96.
The Arkansas Supreme Court found that though the bank was negligent, that negligence damaged only the bank. The court stated:
Instead of collecting the deficiency under a policy of insurance, the appellee, because of its negligence, has only a deficiency judgment, which may or may not be collectible. On the other hand, the appellants have not been damaged by the bank's negligence. They owe the same unpaid balance on the note and face the same cause of action, no matter who the creditor is. If the mortgage insurance had been purchased, the appellants would have owed F.H.A. and faced foreclosure and a deficiency judgment because of the right of subrogation....
Sandusky, 773 S.W.2d at 97.
A similar rationale applies in the instant case. Even if Chidnese's allocation between the real and personal property can be viewed as "inappropriate" for purposes of paying documentary stamps and real estate commissions, McCollem has not been damaged by this. No evidence was presented to demonstrate prejudice, and this court fails to see how the "inappropriate" allocation injured McCollem or how he altered his behavior in reliance on that conduct. If the full documentary stamps and real estate commission had been paid, McCollem would still face the same deficiency judgment amount. Thus, the trial court erred in reducing Chidnese's deficiency judgment under "equitable principles."
REVERSED and REMANDED.
SHAHOOD and HAZOURI, JJ., concur.
NOTES
[1] It appears that the amount of $399,036.58 may be a scrivener's error($993,177.58 600,000 = 393,177.58).