921 So.2d 699 (2006)
Carlos MARIN and Cecilia Marin, his wife, Appellants,
v.
SEVEN OF FIVE LIMITED, a Florida limited partnership, Appellee.
No. 4D04-4037.
District Court of Appeal of Florida, Fourth District.
February 8, 2006.
William G. Crawford, Jr., of McDonald & Crawford, P.A., Fort Lauderdale, for appellants.
Donald M. Allison of Gillespie & Allison, P.A., Boca Raton, for appellee.
STEVENSON, C.J.
In this appeal, the borrowers challenge a summary final judgment of foreclosure, insisting that genuine issues of material fact remained concerning their affirmative defenses. We find that the appellants' argument *700 is well-taken, reverse the order appealed, and remand the case for further proceedings.
Seven of Five Limited, the mortgagee and plaintiff below, filed a foreclosure action after Carlos and Cecilia Marin failed to make the payments due under a note and mortgage. In their answer, the Marins denied they had defaulted and raised a number of affirmative defenses, including unclean hands and promissory estoppel. These defenses were predicated upon two factual scenarios. First, the mortgagee was also the builder of the Marins' Lighthouse Point residence. According to the Marins, at the time of execution of the sales contract, the builder gave them a one-year warranty, promising to repair any defects, and later breached that promise by failing to repair damage caused by water intrusion around the home's windows. Second, the Marins contended they had spoken to Seven of Five Limited's general partner, Darrel Landon, concerning a new financing arrangement. This alleged new arrangement called for the Marins to obtain new financing of all but $250,000 of the $2.6 million dollar note and for Seven of Five Limited to carry a $250,000 second mortgage. According to the Marins, Landon initially agreed to the new arrangement, but then failed to honor his commitment. The unclean hands defense was predicated upon both factual scenarios and the promissory estoppel defense upon Seven of Five Limited's alleged failure to honor its commitment regarding the second mortgage.
Seven of Five Limited moved for summary judgment, insisting there were no issues of material fact and attaching Landon's affidavit of indebtedness, which averred that the Marins defaulted by failing to make the $250,000 principal payment due on January 15, 2004, and the interest payment that came due in April 2004. Carlos Marin filed an affidavit in opposition, attesting to the allegations made in the Marins' answer regarding the water intrusion and the promise regarding the second mortgage. Marin's affidavit alleged that the conversation with Landon concerning the second mortgage and new financing arrangement took place during a February 2004 meeting. The trial court concluded that the Marins' affirmative defenses were legally insufficient, granted Seven of Five Limited's motion and entered final summary judgment in its favor.
The Marins insist that the summary judgment was entered in error as their unclean hands and promissory estoppel defenses were legally sufficient and not factually refuted. We agree the alleged breach of warranty cannot support an unclean hands defense. See McCollem v. Chidnese, 832 So.2d 194, 196 (Fla. 4th DCA 2002) ("A court of equity is not "an avenger of wrongs committed at large by those who resort to it for relief." ") (quoting McIntosh v. Hough, 601 So.2d 1170, 1172 (Fla.1992) (quoting Miller v. Berry, 78 Fla. 98, 82 So. 764, 765 (1919))). "Generally, the conduct constituting the `unclean hands' must be connected with the matter in litigation ...." Pennington v. Pennington, 390 So.2d 809, 810 (Fla. 5th DCA 1980) (holding that it was improper for trial court to rely upon clean hands doctrine and husband's failure to pay child support through the clerk of court as required by settlement agreement to support its refusal to hold wife in contempt for failure to convey her interest in marital home). Here, the matter in litigation was the Marins' failure to make the payments under the note and mortgage, not the builder's failure to comply with the warranty agreement. The allegations concerning the new financing arrangement are, however, a different matter. These allegations were legally sufficient to support *701 both the unclean hands and promissory estoppel defenses and the moving party failed to present any evidence refuting the alleged factual predicate of the defenses. See Knight Energy Servs., Inc. v. Amoco Oil Co., 660 So.2d 786, 788 (Fla. 4th DCA 1995) ("Before a plaintiff is entitled to a summary judgment of foreclosure, the plaintiff must either factually refute the alleged affirmative defenses or establish that they are legally insufficient to defeat summary judgment.").
Reversed and remanded for further proceedings.
WARNER and HAZOURI, JJ., concur.