ON MOTION FOR REHEARING

PER CURIAM.
We grant appellant’s motion for rehearing, withdraw our previous opinion, and substitute the following in its place.
In this mortgage foreclosure action, appellant, Denise Martinec, appeals a final judgment entered in favor of Early Bird International (EBI). Appellant raised defenses and counterclaims below, seeking relief under the Federal Truth in Lending Act (TILA), the Federal Home Ownership and Equity Protection Act (HOEPA), and the Florida Fair Lending Act (FFLA). The trial court entered judgment in favor of EBI upon determining that EBI is not a “creditor” for purposes of TILA and HOE-PA and is, therefore, not subject to then-requirements. We disagree and reverse, concluding that TILA does apply to the subject mortgage agreement and that appellant is entitled to statutory remedies for any of EBI’s TILA violations that are established upon remand. We agree, however, with the trial court’s ruling that ap *1117 pellant does not have a private right of action under the FFLA.
Factual Background
Appellant, seeking a loan, obtained the services of a mortgage broker. The broker then contacted EBI. EBI had never solicited appellant before and did not know of her until the mortgage broker forwarded her documents to EBI. Indeed, before extending credit to appellant, EBI had never secured a loan via a promissory note and a mortgage on real property.
At closing, appellant signed several TILA disclosures, and the parties entered into a note and mortgage agreement for a $250,000 loan, with an interest rate of 13%, to be repaid by monthly interest-only payments for eleven months, with a balloon payment of the final interest payment and all unpaid principal due in twelve months. Appellant struggled to make her payments and ultimately defaulted on the loan. Upon her default, EBI initiated foreclosure proceedings. In response to EBI’s complaint for foreclosure, appellant filed an answer and asserted several affirmative defenses. Relevant to this appeal, she alleged that the mortgage agreement violated TILA and that she was entitled to both rescission of the mortgage agreement and damages.[1]
After a two-day bench trial, the trial court entered judgment in favor of EBI. The trial court concluded that EBI is not a “creditor” as defined by TILA and HOE-PA because EBI is not in the business of regularly extending credit to consumers and the subject loan was not “originated through a mortgage broker.” Instead, the loan was “originated by [appellant] herself,” as she had solicited the services of a mortgage broker. The trial court further held that, even if TILA does apply, appellant’s affirmative defenses were barred by TILA’s statute of limitations and appellant’s right of rescission was limited to a three-business-day window following the closing of the transaction as she had received all necessary documentation relating to her right of rescission.
Analysis
The trial court’s interpretation of TILA is a question of law and is subject to de novo review. Dep’t of Revenue v. Varela, 67 So.3d 1205, 1206 (Fla. 4th DCA 2011). TILA defines a creditor as including a person who originates two or more mortgages in any twelve month period or any person who originates one or more mortgages through a mortgage broker in a twelve month period. 15 U.S.C. § 1602(g) (emphasis added). A mortgage broker is defined as a person, other than an employee of the creditor, who, for compensation or other monetary gain, or in expectation of monetary gain, arranges, negotiates, or otherwise obtains an extension of consumer credit for another person. 12 C.F.R. § 226.36(a)(l)-(2). Common sense dictates that a mortgage broker “originates” a loan when he or she brings two parties together — one seeking credit and the other seeking to extend it — and draws up a loan agreement. On the issue of whether or not a loan “originates” when a consumer seeks out the services of a mortgage broker, we are persuaded by the reasoning of the United States District Court for the Central Division of Utah in In re Kitts, 442 B.R. 818 (D.Utah 2010).
In Kitts, the court explicitly disagreed with any notion that a broker must actively pursue prospective borrowers to qualify as a broker under TILA:
TILA is to be liberally interpreted in favor of the consumer. But the [lower court] interpreted the term “mortgage *1118 broker” narrowly in favor of the lender by requiring not only that mortgage brokers act as the “go-between” for their principals, but that they also must make the initial contact with the borrowers and be actively shopping loans for their lenders. Such a narrow interpretation goes against the clear intent of TILA because it would make high-cost mortgages originated by brokers less likely to be covered by TILA. It would also allow lenders to make high-cost mortgage loans through the services of brokers, who would simply wait for the borrowers to make the initial approach and so evade the requirements of TILA. Borrowers who approach these brokers would be penalized and left without the protections of TILA.
Id. at 828-29 (internal citation omitted).
We disagree with the trial court’s ruling in this case that TILA does not apply to the subject loan. EBI “originated” the loan when it relied upon the services of a mortgage broker to place it in touch with appellant, a prospective borrower; EBI is thus a creditor as defined by TILA. As such, TILA applies to the transaction between appellant and EBI.
Because the trial court found that TILA did not apply to this transaction, it failed to make factual findings regarding whether EBI failed to make all necessary TILA disclosures to appellant and what, if any, remedies may be available to her. A consumer, relying on 15 U.S.C. § 1640(a)(1), is entitled to actual and statutory damages as a defense of recoupment or set-off to an action for collection of a debt even when such claims in an action brought by the consumer would be barred by TILA’s statute of limitations. Beach v. Great W. Bank, 670 So.2d 986, 989 (Fla. 4th DCA 1996) (citing 15 U.S.C. § 1640(e)) aff'd, 692 So.2d 146 (Fla.1997), aff'd, sub nom. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998).
Further, in finding that appellant received all necessary TILA disclosures relating to her right of rescission, the trial court did not determine whether EBI provided inaccurate disclosures which would be considered the equivalent of a material nondisclosure within the meaning of TILA, entitling her to an extended three-year right of rescission. See Steele v. Ford Motor Credit Co., 783 F.2d 1016, 1018-19 (11th Cir.1986) (quoting Davis v. Fed. Deposit Ins. Corp., 620 F.2d 489, 492 (5th Cir.1980)).
Accordingly, we reverse and remand this case for further proceedings. We affirm without discussion the trial court’s ruling that appellant did not have a private right of action for violations of the Florida Fair Lending Act. See Reese v. JPMorgan Chase & Co., 686 F.Supp.2d 1291, 1300-01 (S.D.Fla.2009).

Reversed and Remanded.

POLEN, TAYLOR, and HAZOURI, JJ., concur.

. Prior to answering the complaint, appellant had never made a formal request to have the mortgage agreement rescinded pursuant to TILA.