DAMOORGIAN, J.,
dissenting.
I would affirm because Green Tree presented unrebutted evidence negating the basis of the defense. The Homeowners’ “Third Affirmative Defense” raising the unclean hands doctrine stated in its entirety:
THIRD AFFIRMATIVE DEFENSE UNCLEAN HANDS
Plaintiff comes to court with unclean hands and is prohibited by reason thereof from obtaining the equitable relief of foreclosure from this Court. The Plaintiffs unclean hands result from the Plaintiffs actions in qualifying Defendants for a loan Plaintiff knew or should have known Plaintiff (sic) could not afford, using false information to qualify Defendants for the loan and as recited by and through all Affirmative and *255 Counterclaims alleged herein. As a matter of equity, this Court should refuse to foreclose this mortgage because acceleration of the note would be inequitable, unjust, and the circumstances of this case render acceleration unconscionable.
It is well settled that a party claiming unclean hands as an affirmative defense must establish that it was injured by the conduct constituting the unclean hands. McCollem v. Chidnese, 832 So.2d 194, 196 (Fla. 4th DCA 2002). Although the Homeowners allege that Green Tree’s predecessor qualified the Homeowners for a loan they could not afford and that in order to qualify the Homeowners, the lender used false information, nowhere, do the Homeowners allege that they were not able to make payments because of Green Tree’s allegedly inequitable conduct. Indeed, the record establishes, by the Homeowners’ own admissions, that the Homeowners were not able to afford their payments because they were not able to generate as much rental income as they anticipated.
In a letter sent to Green Tree by the Homeowners, which was attached as an exhibit to an affidavit in support of Green Tree’s motion for summary judgment, the Homeowners state that they were unable to continue making mortgage payments because their tenants stopped paying the rent on the property. Moreover, they acknowledge that they “bought [the] property with good intentions of keeping it and making payments ... until the time is right to sell it.” These unrebutted statements belie the very defense that the Homeowners now assert. Put another way, the Homeowners represented that they could afford the mortgage as long as their tenants paid the rent.- The Homeowners cannot now be heard to complain that they should never have received the loan they requested and paid for because their business plan did not work out. They cannot have it both ways. Landers v. Milton, 370 So.2d 368, 370 (Fla.1979) (“[Ojnce [a movant] tenders competent evidence to support ... motion [for summary judgment,] ... opposing party must come forward with counterevidence sufficient to reveal'a genuine issue. It is not enough for the opposing party merely to assert that an issue does not exist.”).
The majority relies on the allegations contained in the Homeowners’ counterclaims to establish a factual basis for the Homeowners’ unclean hands affirmative defense, despite affirming the trial court’s ruling that the counterclaims did not set forth viable causes of action. I do not believe this is proper.' However, even considering the allegations contained in the disposed of ■ counterclaims, the Homeowners did not allege that the terms of the loan were onerous or illegal, that they were unaware of their payment amount, or that they attempted to reject the loan pri- or to receiving the loan proceeds. As the majority points out, the Hbmeowners did allege that their payments increased after they refinanced and obtained new loans with Green Tree, however, the Homeowners admitted that they refinanced on their own accord to avoid the consequences of their previous loans’ adjustable interest rates, and never once alleged that they were not aware of or objected to the amount they were required to pay under the Green Tree loans. Their silence on this point is deafening and negates any claim of injury.
Accordingly,, as the record establishes that the Homeowners’ were not injured by Green Tree’s allegedly inequitable conduct, the trial court correctly granted summary judgment and I would affirm.