VILLANTI, Judge.
Back Bay at Carillon LLC and Echelon Development LLC (collectively “Appellants”) appeal the final deficiency judgment entered against them after Bank of America foreclosed on a construction loan and then assigned the foreclosure judgment to Quality Properties Asset Management Company. Quality Properties has conceded that the deficiency judgment fails to account for $181,671.11 in proceeds that Quality Properties — through Bank of America — received from the court-appointed receiver. In addition, the record shows that the deficiency judgment fails to account for the value of certain tangible personal property that Appellants turned over to the receiver. Hence, we reverse the deficiency judgment and remand for the trial court to enter a corrected judgment that accounts for Quality Properties’ receipt of these assets. In all other respects, we affirm.
Appellants borrowed substantial sums of money from Bank of America to finance the construction of a luxury townhome community in St. Petersburg. When the housing bubble burst, Appellants ceased making payments on their loans. After a negotiated forbearance failed, Bank of America filed a foreclosure complaint, and a receiver was appointed by the court to manage the property. The receiver’s initial inventory reflected that Appellants had turned over certain tangible personal property, including equipment and furnishings in the clubhouse as well as in the three model townhomes. In addition, during the coursé of the foreclosure proceedings, the receiver collected rents from the existing tenants; paid for maintenance, repairs, taxes, and general upkeep of the property; and paid the balance of the collected funds — approximately $400,000 — to Bank of America.
In November 2009, the trial court entered a consent foreclosure judgment in the amount of $30,885,991.59. Bank of America assigned the foreclosure judgment to Quality Properties, its wholly-owned subsidiary, and after the • foreclosure sale Quality Properties filed a motion seeking a deficiency judgment. The trial court held an evidentiary hearing on the motion and ultimately .entered a deficiency judgment against . Appellants in the amount of $17,485,991.59.
In this appeal, Appellants have raised numerous issues relating to the amount of the deficiency judgment. However, we find merit only in the argument that the trial court erred by not accounting for certain payments and property that Quality Properties received prior to the entry of the deficiency judgment. Therefore, we reverse and remand for limited adjustments to the amount awarded.
Cash on Hand
Appellants first argue that the evidence before the trial court showed that *712 Quality Properties received $181,671.11 in proceeds from the receiver after the foreclosure judgment was entered, that these proceeds were not accounted for in the foreclosure judgment (nor could they have been since they post-dated that judgment), and that these proceeds should have been accounted for when the trial court determined the amount of the deficiency judgment but were not. Quality Properties concedes that the deficiency judgment is overstated by the amount of these proceeds, and the record supports this concession. We therefore reverse the deficiency judgment due to this error. On remand, the trial court shall reduce the deficiency judgment by $181,671.11 to account for Quality Properties’ receipt of these proceeds.
Tangible Personal Property
Appellants also argue that the deficiency judgment fails to account for the value of certain tangible personal property that they turned over to the receiver when the foreclosure complaint was first filed. At the deficiency hearing, Appellants’ corporate representative testified that the value of this tangible personal property was $100,000. Quality Properties does not dispute that it received this tangible personal property, nor does it dispute that the value of the property was not accounted for in the deficiency judgment. Instead; it argues only that the testimony from Appellants’ corporate representative concerning the value of that property was incompetent. However, the record shows that the corporate representative was qualified to testify as to the value of the property. See Witchell v. Londono, 707 So.2d 796, 799 n. 2 (Fla. 1st DCA 1998) (noting that as a general rule “an officer of a corporation is qualified to testify regarding value if he has experience in the management of the affairs of the corporation and has a knowledge of relevant values”). Moreover, Quality Properties neither impeached the corporate representative’s testimony nor offered any competing evidence to establish a different value for the tangible personal property it admits it received. Under these circumstances, we must agree with Appellants that the deficiency judgment is overstated by the undisputed value of the tangible personal property. Hence, on remand, the trial court shall reduce the deficiency judgment by $100,000 to account for the value of the tangible personal property Quality Properties received.
In sum, we reverse the deficiency judgment and remand for the trial court to credit Appellants for the $181,671.11 in cash and $100,000 in tangible personal property that Quality Properties received but which was not accounted for during the foreclosure or deficiency judgment proceedings. In all other respects, the final deficiency judgment is affirmed.
Affirmed in part, reversed in part, and remanded with instructions.
DAVIS and KHOUZAM, JJ., Concur.