DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DENISE L. MARTINEC**,
Appellant,

v.

**EARLY BIRD INTERNATIONAL, INC.**
and **LARRY MARTINEC**,
Appellees.

No. 4D18-569

[December 19, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 502007CA000190AXXXMB.

James A. Bonfiglio of the Law Offices of James A. Bonfiglio, P.A., Boynton Beach, for appellant.

Amy L. Fischer and F. Malcolm Cunningham, Jr., of The Cunningham Law Firm, P.A., West Palm Beach, for appellee Early Bird International, Inc.

KUNTZ, J.

Denise Martinec appeals an amended deficiency judgment, arguing, among other things, that the court erred when it added delinquent taxes that were previously included in the underlying foreclosure judgment.[1] We agree that the delinquent taxes cannot be included in both the underlying foreclosure judgment and in a deficiency judgment. As to Martinec's other argument, we affirm without comment. Thus, we reverse in part and remand with instructions to remove the line item for delinquent taxes from the deficiency judgment.

The circuit court entered a foreclosure judgment in favor of Early Bird

---

[1] This is the fourth appeal from the same underlying foreclosure action. *Martinec v. Early Bird Int'l, Inc.*, 245 So. 3d 742 (Fla. 4th DCA 2018); *Martinec v. Early Bird Int'l, Inc.*, 110 So. 3d 465 (Fla. 4th DCA 2013); *Martinec v. Early Bird Int'l, Inc.*, 126 So. 3d 1115 (Fla. 4th DCA 2012).

International, Inc.  The court included "currently-outstanding delinquent taxes" in the amount of $12,824.37 within the amount of the foreclosure judgment.

After the property was sold at a foreclosure sale, Early Bird moved for a deficiency judgment.  After a hearing, the court stated it would "deduct the amount of delinquent taxes in determining the fair market value."  The court then entered a deficiency judgment, specifically including the entire amount of the foreclosure judgment and also adding $12,824.37 in "delinquent taxes" to the amount of the deficiency judgment.

In reaching this conclusion, the court relied on *Edwards v. Federal Deposit Insurance Corp.*, 746 So. 2d 1157 (Fla. 4th DCA 1999), and *First Union National Bank of Florida v. Goodwin Beach Partnership*, 644 So. 2d 1361 (Fla. 5th DCA 1994).  In *Edwards*, we explained that "[b]ecause 'real estate with an outstanding tax indebtedness against it is worth less than that same property free and clear of debt,' the amount of delinquent taxes should be considered when determining the fair market value."  *Id.* at 1157-58 (quoting *Goodwin Beach P'ship*, 644 So. 2d at 1362; citing *Chidnese v. McCollem*, 696 So. 2d 879, 879–80 (Fla. 4th DCA 1997)).

In *Chidnese*, we specifically considered Judge Sharp's *Goodwin Beach Partnership* dissent.  We explained that Judge Sharp "construe[d] earlier Florida cases to require that the lender foreclosing a mortgage have the unpaid real estate taxes included in the judgment of foreclosure, or be barred from relying on the unpaid taxes as a credit in the deficiency proceeding under the doctrine of res judicata."  696 So. 2d at 879 (citing *Goodwin Beach P'ship*, 644 So. 2d at 1366 (Sharp, J., dissenting)); *see also Patron v. Am. Nat'l Bank of Jacksonville*, 382 So. 2d 156, 158 (Fla. 5th DCA 1980) ("At the time of that purchase, the property was encumbered by taxes and the mortgagee, with that knowledge, bid the full amount of its judgment.  The bargain the mortgagee made by its successful bid was to give up its entire judgment for the property as encumbered.  It was error for the trial court to enhance that bargain by forcing someone other than the purchaser at sale to pay the taxes it voluntarily assumed.").  After considering Judge Sharp's dissent, we adopted the view of the *Goodwin Beach Partnership* majority, requiring the consideration of unpaid taxes when entering a deficiency judgment.  *Chidnese*, 696 So. 2d at 879-80.

Here, the foreclosure judgment specifically included delinquent taxes totaling $12,824.37.  While *Edwards*, *Goodwin Beach Partnership*, and *Chidnese* require a court to consider unpaid taxes when determining market value, they do so to ensure the mortgagee is fully compensated.  The issue in those cases was whether delinquent taxes *must* be included

in a foreclosure judgment, not whether the delinquent taxes *could* be included in a foreclosure judgment. Nothing in those cases allows a mortgagee to recover the unpaid taxes twice.

"[T]he correct formula to calculate a deficiency judgment is the total debt, as secured by the final judgment of foreclosure, minus the fair market value of the property, as determined by the court." *Morgan v. Kelly*, 642 So. 2d 1117, 1117 (Fla. 3d DCA 1994) (citing *Norwest Bank Owatonna, N.A. v. Millard*, 522 So. 2d 546 (Fla. 4th DCA 1988)). But if the amount of the final judgment is increased due to encumbrances, those same encumbrances cannot be used to decrease the market value of the property. That is what occurred in this case.

Similarly, in *Back Bay at Carillon LLC v. Quality Properties Asset Management Co.*, Back Bay and Echelon Development LLC appealed a final deficiency judgment entered against them after the mortgagee foreclosed on a construction loan. 112 So. 3d 710, 711 (Fla. 2d DCA 2013). Back Bay and Echelon argued the circuit court erred in not considering proceeds from a receiver the mortgagee received after the entry of the underlying judgment. *Id.* at 711-12. Back Bay and Echelon also argued the court failed to consider tangible personal property they gave to the receiver. *Id.* at 712. The Second District agreed and "reverse[d] the deficiency judgment and remand[ed] for the trial court to credit Appellants for the $181,671.11 in cash and $100,000 in tangible personal property that [the mortgagee] received but which *was not accounted for during the foreclosure or deficiency judgment proceedings*." *Id.* (emphasis added). By reversing, the Second District effectively held a mortgagee cannot receive double payment for the same debt.

Here, the court broke down the amended deficiency judgment into identifiable line items:

| | |
|---|---|
| Final Judgment amount | $415,073.53 |
| Less Mr. Smith's appraisal | (290,000.00) |
| Plus delinquent taxes | 12,824.37 |
| Deficiency Judgment amount | $137,897.90 |

The court started with the final judgment amount, deducted the value of the property, and then added the delinquent taxes. But the "Final Judgment amount" already included $12,824.37 in delinquent taxes, providing the mortgagee with a double recovery of delinquent taxes. As a result, the amended deficiency judgment must be amended to remove the $12,824.37 line item attributed to delinquent taxes and to show a corresponding decrease in the total amount of the deficiency judgment.

The court's amended deficiency judgment is reversed in part. The case is remanded for the court to enter a second amended deficiency judgment without deducting the delinquent taxes from the market value.

*Reversed and remanded.*

WARNER and DAMOORGIAN, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**