449 So.2d 421 (1984)
OLD REPUBLIC INSURANCE COMPANY, Appellant,
v.
James B. WILSON, et al., Appellees.
No. 83-2842.
District Court of Appeal of Florida, Third District.
May 8, 1984.
*422 Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Roy D. Wasson, Miami, for appellant.
Pyszka & Kessler and John C. Hamilton, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
Wilson was injured by the negligence of Timmerman in operating an automobile. He filed an action against Timmerman, and Colonial Penn and Old Republic, who were the liability insurers of the Timmermans. Old Republic answered denying coverage. Wilson subsequently moved for summary judgment on the coverage issue. The day before the hearing on that motion Old Republic filed a motion to continue the hearing and a motion for leave to file a cross-claim for reformation of the insurance policy on the ground of mistake. Also on that date, the insurer filed an affidavit in opposition to the plaintiff's summary judgment motion in which it was stated that the automobile insurance policy contained an error which related to the covered automobiles. The trial court denied the motions and entered summary judgment for Wilson determining that Old Republic had in effect an insurance policy providing coverage to the Timmermans.
Colonial Penn and Timmerman then sought leave to file cross-claims against Old Republic alleging that Old Republic was obligated to contribute seventy-five per cent of any judgment in Wilson's favor. The circuit court granted leave to file these cross-claims. Old Republic answered and filed a cross-claim in which it sought reformation of the policy and restitution under the theory of unjust enrichment. Ultimately, the circuit court granted summary judgment in favor of Colonial Penn and Timmerman on their cross-claims. Timmerman's negligence and the amount of damages were agreed to and thus final judgment was entered awarding Wilson $137,500 of which Old Republic was obligated to pay $103,125. We reverse.
Leave to amend should be freely given when justice so requires, Fla.R.Civ.P. 1.190(a), the more so when a party seeks such a privilege at or before a hearing on a motion for summary judgment. Haag v. Phillips, 333 So.2d 507 (Fla. 2d DCA 1976). Old Republic's cross-claim for reformation of the insurance policy, if meritorious would have defeated Wilson's motion for summary judgment. Consequently, the denial of Old Republic's motion for leave to file a cross-claim was error.
Since the order denying the motion for leave to assert a cross-claim must be reversed, all subsequent rulings are vacated *423 and the case is remanded for further proceedings.