512 So.2d 248 (1987)
Joseph BOWEN and His Spouse, Norma J. Bowen, Appellants,
v.
AETNA LIFE AND CASUALTY COMPANY, a Connecticut Corporation, and Aetna Casualty & Surety Company, a Connecticut Corporation, Appellees.
No. 85-521.
District Court of Appeal of Florida, Third District.
August 18, 1987.
Rehearing Denied October 5, 1987.
*249 Mershon, Sawyer, Johnston, Dunwody & Cole and Edward T. O'Donnell and Robert T. Kofman, Miami, for appellants.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Diane H. Tutt, Miami, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.

ON MOTION FOR REHEARING
FERGUSON, Judge.
Mr. Bowen was injured in the course and scope of employment with Bell Helicopter, a private contractor doing business abroad under the Defense Base Act, 42 U.S.C. § 1651 et seq. (1978). The Defense Base Act incorporates the Longshoremen's Act, 33 U.S.C. § 901 et seq.
This appeal is brought from an order dismissing a complaint which alleges intentional infliction of mental distress by refusal to pay benefits under a valid policy filed against Bell's worker's compensation insurer, Aetna Life and Casualty. The five-count complaint was based on theories of I  Common Law Bad Faith, II  Intentional Infliction of Emotional Distress, III  Negligent Infliction of Emotional Distress, IV  Loss of Consortium (Norma Bowen), and V  Statutory Bad Faith.
In dismissing all counts of the complaint with prejudice the court announced:
I don't think the complaint states a cause of action, and likewise I feel that there is an exclusive remedy provision that should take care of it notwithstanding that you did state a cause of action.
We interpret the court's ruling as a dismissal on two grounds: (1) the worker's compensation benefits are the injured worker's exclusive remedy, (2) even if there is a common law cause of action it was not adequately alleged. We hold that worker's compensation benefits are not the exclusive remedy, and that the complaint was amendable to state a cause of action.
Martin v. Travelers Insurance Co., 497 F.2d 329 (1st Cir.1974), a federal court case construing the Longshoremen's Act, is persuasive authority. On facts similar to those in this case the court held that the exclusivity provision of the Longshoremen and Harbor Worker's Compensation Act is limited to accidental injury arising out of and in the course of employment. Explaining why the exclusivity clause did not apply the court noted:
[T]he crux of the complaint here is the insuror's callous stopping of payment without warning when it should have realized that acute harm might follow.
Martin, at 331. This court generally will defer to federal appellate court interpretations of federal statutes. See Ratner v. Arrington, 111 So.2d 82 (Fla. 3d DCA 1959).
Johnson v. American Mutual Liability Ins. Co., 559 F.2d 382 (5th Cir.1977), relied on by Aetna for its preemption proposition, was based on ordinary negligence of the carrier in discharging the employer's compensation liability. Further the court noted "it is possible to imagine situations where the insurer could be held liable as a third person." Johnson, at 395. To the extent that Johnson recognizes situations where the worker's compensation carrier will not be immune from a suit by the employee there is clearly no conflict with Martin.
A growing number of courts permit workers to penetrate the exclusive remedy shield in employment-related injuries where the basis of the action against the employer's insurer is an intentional malicious tort. Travelers Ins. Co. v. Savio, 706 P.2d 1258 (Colo. 1985); Champion v. United States Fidelity & Guar. Co., 399 N.W.2d 320 (S.D. 1987); Hollman v. Liberty Mut. Ins. Co., 712 F.2d 1259 (8th Cir.1983); Hayes v. Aetna Fire Underwriters, 187 Mont. 148, 609 P.2d 257 (1980); Gibson v. National Ben Franklin Ins. Co., 387 A.2d 220 (Me. 1978); Unruh v. Truck Ins. Exch., 7 Cal.3d 616, 498 P.2d 1063, 102 Cal. Rptr. 815 (1972); Gallagher v. Bituminous Fire & Marine Ins. Co., 303 Md. 201, 492 A.2d 1280 (1985).
Aetna argues that the penalty provision for late payment or refusal to pay a valid claim is an implied preemption of a common *250 law tort remedy. We disagree. The statutory penalty applies in any wrongful nonpayment cases even where the failure to pay was the result of ordinary negligence or a good faith belief that the insurer had no obligation to pay. On the other hand a common law tort claim is permitted only where the nonpayment involves outrageous conduct which causes emotional distress. Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla. 1985); Dominguez v. Equitable Life Assur. Soc., 438 So.2d 58 (Fla. 3d DCA 1983), approved, 467 So.2d 281 (Fla. 1985).
For the same reason  that there is no authority for penetrating the exclusive remedy shield in workers' compensation cases for negligent or bad faith acts of the insurer which cause emotional distress to the employee  counts I and III of the complaint were properly dismissed.
When the court opined that the complaint did not state a cause of action Bowen requested leave to amend. The motion was denied. Justice requires that a plaintiff be given leave to amend a deficient complaint unless there has been an abuse of the amendment privilege or the complaint shows on its face that there is a deficiency which cannot be cured by amendment. Affordable Homes, Inc. v. Devil's Run, Ltd., 408 So.2d 679 (Fla. 1st DCA 1982). See also Old Republic Ins. Co. v. Wilson, 449 So.2d 421 (Fla. 3d DCA 1984). Denial of the motion for leave to amend followed by a prejudicial dismissal for failure to state a cause of action was error. It appears that the complaint can be amended to state a cause of action.
Count IV is a derivative claim of Mrs. Bowen that owes its existence to the viability of Mr. Bowen's claim. That claim will be tested by an amended complaint.
Bowen's claim in count V of the complaint is predicated on section 624.155, Florida Statutes (Supp. 1986), which gives a person a cause of action against an insurer who engages in unfair claims settlement practices. The action may be brought by an injured third party claimant where the insurer's liability for the injury has been established. See Royal Globe Ins. Co. v. Superior Court, 23 Cal.3d 880, 153 Cal. Rptr. 842, 592 P.2d 329 (1979). But section 440.11(3), Florida Statutes (1985), is reasonably clear on the point that the statute is inapplicable to workers' compensation cases:
Notwithstanding the provisions of s. 624.155, the liability of a carrier to an employee or to anyone entitled to bring suit in the name of the employee shall be a provision in this chapter, which shall be exclusive and in place of all other liability.
Count V, therefore, was also properly dismissed.
The court's dismissal of counts I, III, and V is Affirmed; the dismissal of counts II and IV is Reversed and the cause is remanded for further consistent proceedings.