William T. CONNOLLY and Lizabeth V. Connolly, Plaintiffs-Appellants,

v.

MARYLAND CASUALTY COMPANY, Defendant-Appellee.

No. 87–5327.

United States Court of Appeals, Eleventh Circuit.

July 13, 1988.

Robert C. Maland, Miami, Fla., for plaintiffs-appellants.

Diane H. Tutt, James E. Tribble, Miami, Fla., for defendant-appellee.

Before RONEY, Chief Judge, KRAVITCH, Circuit Judge, and HENDERSON, Senior Circuit Judge.

RONEY, Chief Judge:

This lawsuit sought damages against a workers' compensation carrier for allegedly mishandling a compensation claim and intentionally mistreating the injured claimant and his wife in connection with that claim. The district court dismissed the complaint for lack of subject matter jurisdiction on the ground that the exclusive remedy for a Florida employee covered by workers' compensation insurance is found in the Florida Workers' Compensation Act, Fla.Stat.Ann. Ch. 440, and because there is no civil rights cause of action grounded upon the alleged intentional delay in paying benefits for a compensable injury. We affirm.

The facts as alleged in plaintiffs' complaint, taken as true for the purpose of this appeal, are egregious. William T. Connolly fell from a roof where he was working, was rendered a quadriplegic and is totally and permanently disabled. Maryland Casualty Company was the workers' compensa-

tion insurance carrier, upon whom Connolly was totally dependent for financial support and medical care.

Maryland allegedly embarked upon a plan to make life so miserable for Connolly and his wife, Lizabeth J. Connolly, that he would settle or "wash-out" his workers' compensation claim to rid himself and his family from the defendant's wrongful conduct. Maryland reached an oral agreement with William Connolly regarding benefits to be paid, which included a monthly payment in addition to medical care, along with a motorized wheelchair and specially equipped van. Maryland had no intention of fulfilling its obligations pursuant to this agreement. For two years subsequent to this agreement, William made repeated requests for delivery of the van or funds in lieu thereof, which requests were intentionally refused. Connolly was forced to hire lawyers to obtain the van or equivalent funds through legal proceedings, which funds were not provided until some eleven months after the Florida Supreme Court refused to grant certiorari in Maryland's appeal and after Maryland was further threatened with legal proceedings seeking revocation of its insurance license.

Simultaneous with this conduct regarding the van payments, Maryland intentionally stopped making the monthly payments. After retaining counsel to institute legal proceedings to obtain the wrongfully terminated monthly payments, Connolly received a favorable decision from the deputy commissioner of the Florida Industrial Commission awarding Connolly the previously agreed upon benefits. This decision resulted in a settlement between the parties.

Maryland intentionally inflicted emotional distress on the plaintiffs. Maryland sent representatives to the Connolly home to coerce Mrs. Connolly into convincing her husband that he should fully settle his claim or have his benefits cut off completely, and that going to court would do no good and should not even be attempted. Simultaneously with the cutting off of all monthly payments, Maryland sent Mrs. Connolly checks for $200 per week for "nursing services" rendered to her husband, so as to improperly involve her as a nurse and cause additional strain on the Connollys' marriage.

The seven-count complaint alleged causes of action for tortious breach of contract, fraud, deceit, intentional infliction of emotional distress, civil rights violations under 42 U.S.C.A. § 1985, and declaratory relief.

The problem with all of these claims, however, is that Florida law does not presently allow for an independent cause of action against a workers' compensation carrier for additional damages arising out of a delay in payment of benefits. In *Old Republic Ins. Co. v. Whitworth*, 442 So.2d 1078 (Fla.Dist.Ct.App.1983), a workers' compensation insurance company petitioned for a writ prohibiting a state circuit judge from exercising jurisdiction over a suit brought by a workers' compensation claimant for breach of the company's obligation to make timely payments due under the Act. After successfully obtaining relief from the deputy commissioner, the claimant sued Old Republic for having acted in bad faith in delaying disability payments. Florida's Third District Court remanded the case with directions to dismiss the complaint.

■ The court first noted that the Act provides an exclusive remedy for employee's work related claims, and that a court is without jurisdiction over an employee's claim against an employer, or its compensation carrier, for additional damages for injuries covered by the Act. *Old Republic*, 442 So.2d at 1079. The court then held that the injury for which the claimant sought recovery—Old Republic's alleged bad faith refusal to timely compensate him for his disabilities—was a compensable one under the Act, one for which the deputy commissioner imposed costs and fees. The court stated that "a compensation claimant cannot avoid the exclusivity of the Act and transform a delay in payments into an actionable tort cognizable in the Circuit Court simply by calling that delay outrageous, fraudulent, deceitful, or an intentional infliction of emotional distress." *Id.*

In Florida, the exclusiveness of remedy provision precludes an injured employee's

spouse from recovery also. *See Coney v. Int'l Minerals & Chem. Corp.*, 425 So.2d 171, 172 (Fla.Dist.Ct.App.1983). The cases reflect the existing law of Florida, even though Florida does recognize a cause of action for intentional infliction of emotional distress, *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277 (Fla.1985), and three out of seven justices on the Florida Supreme Court have expressed support for the proposition that the Act is *not* the exclusive remedy of an employee against an employer, and presumably against its compensation carrier, who commits an intentional tort within the scope of employment. *See Lawton v. Alpine Engineered Products, Inc.*, 498 So.2d 879, 881–82 (Fla. 1986) (Atkins, J., dissenting); *Fisher v. Shenandoah Gen'l Const. Co.*, 498 So.2d 882, 884–88 (Fla.1986) (Atkins, J., dissenting).

Plaintiffs argue that these injuries are not compensable under the Act, since they are neither accidental nor arise out of or in the course of employment, and therefore the Act is not the exclusive remedy. Plaintiffs argue that the 1969 version of the Act governs the substantive issues in this case, *see Sullivan v. Mayo*, 121 So.2d 424, 428 (Fla.1960), *cert. denied*, 133 So.2d 647 (Fla. 1961), and that the 1969 version of the Act, unlike the 1981 version which applied in *Old Republic*, did not expressly provide for a carrier's immunity from suit, or for penalties and attorney's fees against a carrier for its "bad faith" in handling a claim under the Act, or that the exclusive liability of the carrier was under the Act, as provided for in the 1983 version of the Act.

Plaintiffs are incorrect in arguing that because the 1969 version of the Act may apply that *Old Republic's* teachings—that delay in payment of benefits due under the Act is an injury covered by the Act within which the exclusive remedy lies—cannot apply to them. Immunity from suit extended to the carrier before 1970. *Carroll v. Zurich Ins. Co.*, 286 So.2d 21, 22–23 (Fla.Dist.Ct.App.1973), *appeal dismissed*, 297 So.2d 568 (Fla.1974). *See also Sullivan v. Liberty Mut. Ins. Co.*, 367 So.2d 658, 660 (Fla.Dist.Ct.App.), *cert. denied*, 378 So.2d 350 (Fla.1979). Although *Car-*

*roll* addressed a carrier's immunity from common law liability for negligence in performing safety inspections, it has not been so limited. *See, e.g., Sullivan*, 367 So.2d at 660 (immunity for carrier provided in action against carrier for alleged wrongful failure to authorize necessary medical care, which resulted in foot amputation and other injuries to claimant).

One basis for an award of *attorney's fees* was available to the claimants in *Old Republic* that was not available to the Connollys: those to a successful claimant where a "carrier has acted in bad faith" in handling a claim. *See* Fla.Stat.Ann. § 440.34(3)(b). But the deputy commissioner had the authority in 1969 to impose statutory penalties and fees against recalcitrant insurance carriers. *See Andrews v. Strecker Body Bldrs., Inc.*, 92 So.2d 521, 523 (Fla.1957) (where compensation payments were delinquent, deputy commissioner should have adjudicated the amount of delinquency and directed payment thereof together with statutory penalty, interest, and attorney's fees); *Florida ex rel. Iowa Nat'l Mut'l Ins. Co. v. Florida Industrial Comm'n*, 151 So.2d 636, 641 (Fla.1963) (attorney's fees denied to unsuccessful claimant). Florida Statute § 440.34(1) (1969) entitled a claimant to attorney's fees under the 1969 version of the Act where a carrier unsuccessfully resisted payment of compensation, regardless of "bad faith." *See* Fla.Stat. § 440.34(1) (1969). *See also* Fla. Stat. §§ 440.13, 440.20, 440.24 (1969) (other provisions providing for penalties under 1969 Act). The statutory remedy available to claimants in *Old Republic*, which interpreted the 1981 Act, was also available to these plaintiffs, albeit through different provisions. We need not, therefore, address plaintiffs' argument that no post–1969 amendments may be constitutionally retroactively applied to them, since the same result is reached under the 1969 Act without resort to post–1969 amendments.

Plaintiffs attack *Old Republic* as both legally and factually distinguishable. The plaintiffs argue that the claimant there applied for and received compensation under the "bad faith" provisions of the 1981 ver-

sion of the Act, so that his injury, unlike theirs, *was* a compensable one under the Act. Plaintiffs also suggest that *Old Republic*, unlike the outrageous conduct alleged herein, involved an action for an insurer's "mere delay" in making payments. *Old Republic* states, however, that even if labeled an intentional tort, the failure to make prompt payments is a compensable injury and cannot fall outside the exclusive provisions of the Act. This is so without resort to the "bad faith" provisions of the 1981 version of the Act.

In their reply brief, plaintiffs argue that *Old Republic* has been modified or extended by *Bowen v. Aetna Life & Cas. Co.*, 512 So.2d 248 (Fla.Dist.Ct.App.1987), a case decided after the district court decision. *Bowen* involved a private contractor doing business abroad under The Defense Base Act, 42 U.S.C.A. § 1651 *et seq.* That act incorporates the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 *et seq.* All *Bowen* holds is that an action may be maintained for intentional infliction of emotional distress by an injured worker against a Longshore and Harbor Worker's Compensation Act insurer, where there has been a refusal by the latter to pay benefits. *Bowen* interprets a federal act, not Florida law.

█ Contrary to plaintiffs' argument, there is no constitutional base for their cause of action. The civil rights claims and constitutional claims are all based on the right provided by Florida Compensation Law. Were it not for the alleged conduct required of defendant by Florida law, there would be no ground for asserting civil rights or constitutional claims because of wrongful conduct. The remedy for that wrongful conduct cannot rise above the exclusive remedy provided by the Florida statutes.

Plaintiffs sought a declaration that it would be unconstitutional under various provisions of the federal and Florida Constitutions to retroactively apply any post-1969 amendments to them. The exclusivity and immunity aspects of the Act mandate that a trial court is without jurisdiction to even consider claims for additional damages over and above the relief that can be obtained from the Industrial Commission. These aspects of Florida law existed before 1970. The district court properly denied plaintiffs' motion for summary judgment as to this Count.

AFFIRMED.