528 So.2d 136 (1988)
Robert M. CADY and Clara P. Pulkownik, Appellants,
v.
CHEVY CHASE SAVINGS AND LOAN, INC., a Maryland Corporation, Appellee.
No. 87-0669.
District Court of Appeal of Florida, Fourth District.
July 20, 1988.
*137 Bruce A. Weihe of Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, Fort Lauderdale, for appellants.
George P. Ord of Alley, Maass, Rogers, Lindsay & Chauncey, Palm Beach, for appellee.
DOWNEY, Judge.
Appellants, Robert M. Cady and Clara P. Pulkownik, appeal from a final summary judgment of foreclosure.
It appears that in May, 1984, appellants purchased three condominium units at Galt Ocean Club Development, Inc. These condominium units were marketed and sold as part of a hotel management program that was intended to generate a profit and a significant return.
The purchase of these units was financed by B.F. Saul Mortgage Company and these loans were subsequently assigned to appellee, Chevy Chase Savings and Loan, Inc. (Chevy Chase). On April 14, 1986, Chevy Chase filed a complaint to foreclose the mortgages on these condominium units, to which appellants filed an answer and affirmative defenses. In due course, Chevy Chase filed motions for judgment on the pleadings and for summary judgment. Thereafter, appellants filed a Motion To Amend Pleading, wherein they sought leave to file a counterclaim, a third party claim, and a cross-claim. After a hearing on appellee's motion for summary judgment, at which the court indicated it intended to grant the motion for summary judgment, the parties stipulated to an agreed order wherein the court denied appellants' Motion to Amend Pleadings without prejudice to refile such a motion at a later date. Thereafter, the court entered a final summary judgment in favor of Chevy Chase, specifically holding that appellants' affirmative defenses failed as a matter of law to state defenses to the complaint.
Appellants' contentions on appeal are that the trial court erred in 1) not allowing appellants leave to amend their affirmative defenses, 2) granting summary judgment when Chevy Chase failed to disprove appellants' affirmative defenses, 3) not allowing appellants leave to file a counterclaim, and 4) not allowing appellants adequate time for discovery prior to consideration of the motion for summary judgment.
In our opinion no reversible error has been demonstrated by the various arguments submitted by appellants. The record reflects that the denial of appellants' motion to Amend Pleadings was agreed to without prejudice to subsequently move again for leave to file such amended pleadings. Furthermore, appellants never requested leave to amend their affirmative defenses even in their petition for rehearing directed to the order granting summary judgment. We certainly cannot find the trial court in error in not taking action not requested of him. That leaves only the question of whether the court was correct in determining that the affirmative defenses were insufficient as a matter of law. A careful analysis of each of the affirmative defenses reflects that they are, on the whole, conclusory in their content, *138 and lacking in any real allegations of ultimate fact demonstrating a good defense to the complaint. The allegations of fraud are not pled with particularity as is required. See Gordon v. Etue, Wardlaw & Co., P.A., 511 So.2d 384 (Fla. 1st DCA 1987); Reina v. Gingerale Corp., 472 So.2d 530 (Fla. 3d DCA 1985). The negligence allegations are bare conclusions failing to set forth the act or omission causing the damage complained of. Rishel v. Eastern Airlines, Inc., 466 So.2d 1136 (Fla. 3d DCA 1985). The allegation that the loan was illegal is conclusory and, without allegations of ultimate fact showing the illegality, does not constitute a sufficient defense. Finally, allegations that certain representations made were false without designating which ones were false and who made them simply does not constitute an acceptable pleading of a defense based upon false misrepresentation. Certainty is required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient. Bliss v. Carmona, 418 So.2d 1017, 1019 (Fla. 3d DCA 1982); 40 Fla.Jur.2d Pleadings §§ 28, 33 (1982).
Accordingly, we affirm the final summary judgment appealed from.
AFFIRMED.
HERSEY, C.J., and WALDEN, J., concur.