531 So.2d 1034 (1988)
Juan E. MONTERO, Appellant,
v.
COMPUGRAPHIC CORPORATION, a Foreign Corporation, Appellee.
No. 87-1342.
District Court of Appeal of Florida, Third District.
October 4, 1988.
*1035 Richard A. Beiley, Cooper Wolfe & Bolotin and Maureen E. Lefebvre and Sharon Wolfe, Miami, for appellant.
Silver & Silver and Ira S. Silver, Miami, for appellee.
Before BASKIN, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
This appeal is brought from a summary judgment entered on a first amended complaint. Based on evidence discovered after the filing of the first amended complaint, the court should have granted the plaintiff's motion for leave to file a second amended complaint.
In September 1981 the appellant Montero, a Chilean businessman, purchased a computer printer from the appellee, Compugraphic, at its office in Miami, Florida. Montero paid $24,251.76 for the printer. The machine needed electrical conversion in order to operate on the voltage system available in Chile. Montero alleges that he paid an additional $1,000, relying on a promise by Compugraphic's sales manager that the printer would be delivered with the necessary modifications.
The sales contract provided that it would become effective when accepted by Compugraphic's home office in Massachusetts and limited the bringing of an action on the contract to one year after a cause of action arose. Compugraphic never delivered a printer which conformed to the terms of the September 1981 purchase agreement.
Montero's first amended complaint, filed in May 1986, was based on counts of fraudulent inducement, rescission, and return of property. Compugraphic's answer denied the existence of a contract and alleged that the cause of action was barred by the applicable statute of limitations. In July 1986, Compugraphic sought a summary judgment contending that the cause of action was barred by the limiting period contained in the purchase agreement.
Based on discovery taken while Compugraphic's motion for summary judgment was pending, Montero learned that the September 1981 contract was never accepted by Compugraphic and sought leave of court to file a second amended complaint.[1] This appeal is brought from the order denying Montero's motion for leave to file a second amended complaint and from a summary judgment entered for Compugraphic.
Compugraphic's argument in defense of the judgment, that the limiting provisions of the agreement are binding on the parties even if the contract offer was never accepted, is without merit. In order *1036 to enforce a contractually shortened limitation period, there must be a valid contract. If, for failure of an acceptance, Montero's offer never became a binding contract, which Compugraphic concedes and the evidence shows, then the time-bar provisions in that offer are also invalid. Compugraphic's arguments that there is no contract, and that a time-limiting provision in the contract bars the action, are inconsistent. A litigant cannot, in the course of litigation, occupy inconsistent and contradictory positions. Rigg v. Vernell, 428 So.2d 668 (Fla. 3d DCA 1982); Federated Mut. Implement & Hardware Ins. Co. v. Griffin, 237 So.2d 38 (Fla. 1st DCA 1970), cert. denied, 240 So.2d 641 (Fla. 1970).
If, alternatively, there is a contract and it was fraudulently induced, as is alleged, then the contractual limitation-of-action provision relied on by the appellees is ineffective. See Burroughs Corp. v. Suntogs of Miami, Inc., 472 So.2d 1166 (Fla. 1985). See also Suntogs of Miami, Inc. v. Burroughs Corp., 433 So.2d 581 (Fla. 3d DCA 1983), reversed on other grounds.
On either version of the facts, one of which is already pleaded, and the other which can be pleaded based on newly discovered facts, entry of a summary judgment based on the statute of limitations was an abuse of discretion. Florida Rule of Civil Procedure 1.190(a) requires that a motion for leave to amend should be freely given where there is no showing that the privilege has been abused, and the more so where leave is sought at or before a hearing on a motion for summary judgment. Bowen v. Aetna Life and Cas. Co., 512 So.2d 248 (Fla. 3d DCA 1987); Old Republic Ins. Co. v. Wilson, 449 So.2d 421 (Fla. 3d DCA 1984); Affordable Homes, Inc. v. Devil's Run, Ltd., 408 So.2d 679 (Fla. 1st DCA 1982).
The summary judgment and the order denying leave to amend the complaint are reversed and the cause is remanded for further proceedings.
NOTES
[1] Montero claims that he discovered a second purchase agreement for a computer printer, unknown and unauthorized by him, which was accepted by Compugraphic at its Massachusetts office. The named buyer was Export Sales Corp., a company owned by Leonardo Caro, who was Montero's agent for the purpose of accepting delivery of and shipping the computer equipment. This machine, purchased by Caro, did not conform to Montero's specifications either. The existence of the second contract, however, was not a stated ground for entry of a summary judgment against Montero.