819 So.2d 1012 (2002)
Curtis J. CASON, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D01-3749.
District Court of Appeal of Florida, First District.
July 1, 2002.
*1013 Curtis J. Cason, pro se, petitioner.
William L. Camper, General Counsel, and Alexandria E. Walters, Assistant General Counsel, Florida Parole Commission, Tallahassee, for respondent.
PER CURIAM.
Curtis J. Cason petitions for review of an order of the circuit court denying his petition for writ of mandamus, in which he challenged the revocation of his control release supervision. We conclude that the circuit court properly disposed of the two arguments set forth in the original petition, but under the unique facts of this case, we agree with Cason that the circuit court erred by not granting his request for leave to amend his petition following the filing of the parole commission's response. Accordingly, we remand this matter for further proceedings.
Ordinarily, a request for leave to amend is directed to the sound discretion of the trial court, but all doubts should be resolved in favor of allowing amendment, and the refusal to do so generally constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile. See generally Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Cooperative Bank, 592 So.2d 302 (Fla. 1st DCA 1991), rev. dismissed, 598 So.2d 76 (Fla.1992). Cason's request for leave to amend was predicated on the seemingly plausible assertion that the facts underlying his proposed amendment were not known to him until the filing of the parole commission's response to his original petition. Under these circumstances, we conclude that his request was not abusive, nor would granting that request prejudice the parole commission. Moreover, while we express no opinion as to the ultimate merits of the claims Cason sought to raise by his amended petition, it does not clearly appear from the record before us that the amendment would be futile.
Accordingly, the order denying Cason's petition for writ of mandamus is hereby quashed and the matter is remanded to the circuit court with directions to permit the proposed amendment and conduct such further proceedings as are necessary.
BOOTH, BENTON and VAN NORTWICK, JJ., concur.