862 So.2d 768 (2003)
Ronald THOMPSON, Appellant,
v.
The BANK OF NEW YORK, as Trustee, Appellee.
No. 4D01-3281.
District Court of Appeal of Florida, Fourth District.
November 5, 2003.
*769 Alan H. Ramer, Miami, for appellant.
William P. Heller of Akerman Senterfitt, Fort Lauderdale, for appellee.
PER CURIAM.
This is an appeal from a final summary judgment of foreclosure. The trial court granted summary judgment without allowing the defendant to file amended affirmative defenses. Because the proposed amendment failed to state the defense of fraud with particularity, we affirm the final judgment.
The Bank of New York, appellee, filed an amended foreclosure complaint on June 20, 2000. On July 5, 2000, appellant, Ronald Thompson, filed an answer, without affirmative defenses, and a counterclaim alleging a Federal Truth In Lending violation. On August 31, 2000, the Bank moved to dismiss the counterclaim, arguing, inter alia, that it was subject to mandatory arbitration pursuant to an arbitration agreement signed by Thompson.
On February 22, 2001, the Bank moved for summary judgment on its foreclosure claim.
On March 24, 2001, Thompson moved for leave to file an amended answer and counterclaim; the proposed pleading contained the affirmative defense that the "subject matter of this action was procured by fraud." The counterclaim contained counts for fraud and deceptive trade practices under section 501.204, Florida Statutes (1999).
On the eve of the summary judgment hearing, Thompson filed an affidavit that the signature on the arbitration agreement was not his. The court scheduled an evidentiary hearing to determine whether Thompson signed the arbitration agreement.
At the May 24, 2001 evidentiary hearing, Thompson admitted that the signature on the arbitration agreement was his. The court ordered the parties to file memoranda addressing the enforceability of the arbitration agreement.
On July 24, 2001, in a well-reasoned ten-page order, the trial court granted the Bank's motion for summary judgment and denied Thompson's motion to file an amended answer and counterclaim. The court indicated that Thompson could pursue his counterclaim in arbitration. The court determined that sanctions were appropriate because Thompson and his counsel "knew or should have known" that the claim that Thompson did not sign the arbitration agreement was unsupported by the facts.
The trial court did not abuse its discretion in denying the motion to amend to add the affirmative defense of fraud, since the defense was not pled with sufficient particularity. Without the affirmative defense, nothing in the record precluded summary judgment of foreclosure.
Florida Rule of Civil Procedure 1.190(a) provides that leave of court to *770 amend a pleading "shall be given freely when justice so requires." "Courts should be especially liberal when leave to amend `is sought at or before a hearing on a motion for summary judgment.'" Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Coop. Bank, 592 So.2d 302, 305 (Fla. 1st DCA 1991) (quoting Montero v. Compugraphic Corp., 531 So.2d 1034, 1036 (Fla. 3d DCA 1988)). "As a general rule, `[l]eave to amend should not be denied unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile.'" N. Am. Speciality Ins. Co. v. Bergeron Land Dev., Inc., 745 So.2d 359, 362 (Fla. 4th DCA 1999) (quoting Life Gen. Sec. Ins. Co. v. Horal, 667 So.2d 967, 969 (Fla. 4th DCA 1996)); see also Kiriakidis v. Kiriakidis, 855 So.2d 208 (Fla. 4th DCA 2003).
However, a proposed amendment is futile where it is insufficiently pled. The court in this case denied the motion to amend because Thompson's allegations of fraud were "conclusory in their content, and lacking in any real allegations of ultimate fact showing fraud on the part of the Bank of New York." Such defenses were insufficient as a matter of law.
Because of litigants' proclivity to loosely sling the term "fraud" into pleadings, the law requires that fraud be described with precision. Florida Rule of Civil Procedure 1.120(b) mandates that "the circumstances constituting fraud ... shall be stated with such particularity as the circumstances may permit."
This means that an affirmative defense or claim "must clearly and concisely set out the essential facts of the fraud, and not just legal conclusions." Flemenbaum v. Flemenbaum, 636 So.2d 579, 580 (Fla. 4th DCA 1994). Where a defense of fraud exists, "it is not so subtle a concept that it cannot be described with precision." Id.
The only specific allegation of fraud in the affirmative defense is that the seller of the underlying real estate represented to Thompson that Thompson was "financially able to qualify and afford the subject premises."
Such a statement cannot support a cause of action for fraud. See, e.g., Glass v. Craig, 83 Fla. 408, 91 So. 332, 335 (1922) (holding that "a mere statement of opinion, belief, or expectation, although untrue and resting upon no information, is not such a false representation as to constitute fraud"); Reimsnyder v. Southtrust Bank, N.A., 846 So.2d 1264, 1266 (Fla. 4th DCA 2003) (determining that statements made by bank officer were either not demonstrably false or were mere opinion and thereby not actionable under a fraud claim); Thor Bear, Inc. v. Crocker Mizner Park, Inc., 648 So.2d 168, 172 (Fla. 4th DCA 1994) (finding that a claim for fraudulent misrepresentation is not actionable if premised on mere opinion and not material fact); Baker v. United Servs. Auto. Ass'n, 661 So.2d 128, 131 (Fla. 1st DCA 1995) (reasoning that for a claim of misrepresentation to be actionable, it must be of fact rather than opinion); Wasser v. Sasoni, 652 So.2d 411, 412 (Fla. 3d DCA 1995) (finding that seller's statements that the building was "a very good building" requiring "normal type of maintenance," and "an excellent deal," were clearly statements of opinion and not fraudulent misrepresentations); Carefree Vills. Inc. v. Keating Props., Inc., 489 So.2d 99, 102 (Fla. 2d DCA 1986) (finding that a seller's statement that he thought the lifetime leases could be broken was nothing more than an opinion, upon which no action for misrepresentation could be grounded).
Whether Thompson was financially able to qualify for the loan was a matter of *771 opinion. Whether Thompson could afford the loan was an opinion involving facts more available to Thompson than to the seller; Thompson had to know his own financial capacity better than a stranger. The trial court was correct that Thompson failed to set forth a defense of fraud.
This case is similar to Cady v. Chevy Chase Savings & Loan, Inc., 528 So.2d 136 (Fla. 4th DCA 1988). In Cady, the borrower attempted to raise fraud as an affirmative defense to a mortgage foreclosure. We held that the borrower had failed to plead fraud "with particularity as is required," so that it was insufficient as a matter of law. Id. at 138. We wrote that "[c]ertainty is required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient." Id. We affirmed the summary judgment of foreclosure in Cady. In this case, the defense of fraud fails for the same reason that it did in Cady.
For these reasons, we affirm the final judgment without prejudice to Thompson pursuing his claims in arbitration. We do not reach the propriety of the award of attorney's fees, because the trial court has not entered a final judgment setting an amount.
AFFIRMED.
STONE, GROSS, JJ., and STERN, KENNETH D., Associate Judge, concur.