[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15224
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 13, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-80402-CV-DMM

KELVIN RANCE,

Plaintiff-Appellant,

versus

D.R. HORTON, INC.,
CNA INSURANCE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 13, 2010)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Kelvin Rance appeals the dismissal of his complaint against D.R. Horton, Inc. ("Horton") and CNA Insurance ("CNA") for lack of subject matter jurisdiction and, to the extent that the district court had jurisdiction over his claims, the grant of summary judgment in favor of Horton and CNA. On appeal, Rance contends that the district court had subject matter jurisdiction, abused its discretion by refusing to reopen discovery prior to ruling on the defendants' summary judgment motions, and erred by applying *res judicata* to bar his claims. He also reasserts the merits of some of his claims. Because, as discussed below, we conclude that the district court lacked subject matter jurisdiction over Rance's complaint, we decline to address his remaining arguments on appeal.

I.

First, Rance argues that the district court erred by concluding that the exclusivity of remedy afforded by Florida's workers' compensation scheme deprived it of jurisdiction over Rance's claims. He asserts that there is no Florida law forbidding a federal district court from setting aside a workers' compensation agreement. He also argues that because settlement agreements involve an ADA release, the agreements raise a federal question, which gives the district court jurisdiction under 28 U.S.C. § 1331.

"We review *de novo* a district court's finding that it lacks subject matter jurisdiction." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). We have stated that where Florida courts would refuse to exercise jurisdiction over an employee's work-related claims, a district court lacks subject matter "jurisdiction to consider . . . claims for additional damages over and above the relief that can be obtained" in the state workers' compensation proceedings. *Connolly v. Maryland Cas. Co.*, 849 F.2d 525, 526-28 (11th Cir. 1988).

The Florida workers' compensation statute provides in part that the liability of both an employer and an employer's workers' compensation carrier under the act "shall be exclusive and in place of all other liability." Fla. Stat. §§ 440.11(1) and (4). Under this system, "the employee relinquishes certain common-law rights with regard to negligence in the workplace and workplace injuries in exchange for strict liability and the rapid recovery of benefits." *Aguilera v. Inservices, Inc.*, 905 So.2d 84, 90 (Fla. 2005). While minor delays in payment and bad faith in claim handling procedures have been captured within the immunity from liability afforded to employers and carriers under the act, the workers' compensation scheme does not give employers and carriers immunity from liability for intentional torts against employees. *Id.* at 90-91.

3

If the employee alleges an intentional tort causing harm subsequent to and distinct from the workplace injury, then the employee may assert his claims in Florida's circuit courts. *Id.* at 92. Otherwise, the circuit courts lack jurisdiction to consider the employee's action for additional damages for injuries covered by the Act. *See, Old Republic Ins. Co. v. Whitworth*, 442 So.2d 1078, 1079 (Fla. Dist. Ct. App. 1983); *see also Sanders v. City of Orlando*, 997 So.2d 1089, 1093 (Fla. 2008) (noting that Florida courts have "uniformly held . . . that Article V courts have *no* subject matter jurisdiction to adjudicate disputes involving workers' compensation issues. . . . Instead, the uniform approach has historically been that [Judges of Compensation Claims] have exclusive subject matter jurisdiction over disputed workers' compensation claim matters"). When determining whether it is proper to exercise jurisdiction over an injured employee's complaint, Florida courts view the employee's complaint in the light most favorable to him, considering all facts and reasonable inferences in his favor. *Aguilera*, 905 So.2d at 95-96. The courts will evaluate whether the employee's complaint alleges that the employer or carrier intentionally harmed him and whether the employee sought compensation for an injury covered by the workers' compensation statute. *Id.* at 91-92; *Old Republic*, 442 So.2d at 1079.

4

We conclude from the record that the district court correctly determined that because Rance did not sufficiently allege an independent tort, the exclusivity of Florida's workers' compensation scheme deprived it of subject matter jurisdiction. First, Rance's breach of contract claims do not allege an intentional tort committed by either Horton or CNA. Second, his fraud, conspiracy, civil theft, and conversion claims all arise from his basic contention that he was injured on the job and that Horton and CNA have not compensated him properly for those injuries. Despite his characterizations of each of these claims and the various forms of relief he sought, Rance's claims sought compensation for an injury covered by the workers' compensation statute. *See Old Republic*, 442 So.2d at 1079.

Finally, Rance's ADA claims arise under a federal statute, rather than from Florida law. However, the workers' compensation settlement agreements contain a provision prohibiting Rance from seeking reemployment with Horton. Therefore, in order to prevail on his ADA claim based on Horton's failure to return him to work, Rance would have to establish that this provision was not enforceable, and the enforceability of a provision in a Florida workers' compensation agreement is at least initially governed by Florida law. Nothing in federal public policy would dictate that Rance and Horton could not agree to refrain from any future employment relationship, so any independent federal interest seems negligible.

Rance's ADA claim thus presents itself first as a contract claim to which the exclusivity of the workers' compensation scheme applies.

II.

Rance also argues that the district court erred by concluding that, pursuant to the *Rooker-Feldman* doctrine, it lacked subject matter jurisdiction.

"The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d at 1260. It applies to claims actually raised in the state court as well as those that are "inextricably intertwined" with the state court judgment, but it does not apply to claims that the plaintiff did not have a reasonable opportunity to raise in the state court. *Id.*

We conclude from the record that the district court correctly found that it lacked authority to set aside orders entered by the Judge of Compensation Claims in the state workers' compensation proceedings. Accordingly, we affirm the district court's dismissal of Rance's complaint for lack of subject matter jurisdiction.

**AFFIRMED.**