[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10294
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-02628-JDW-TBM

EMMANUEL EBEH,

Plaintiff-Appellant,

versus

ST. PAUL TRAVELERS,
CHARTER OAK FIRE INSURANCE COMPANY,
PAT REDMOND,
JOHN MIKOS,
Dr.,
LAKESIDE OCCUPATIONAL MEDICAL CENTER, P.A.,

Defendants-Appellees,

METRO STORAGE, LLC,
Parent Company, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 1, 2012)

Before CARNES, PRYOR, and KRAVITCH, Circuit Judges.

PER CURIAM:

Emmanuel Ebeh, an African American male proceeding pro se, filed a lawsuit against St. Paul Travelers, Charter Oak Fire Insurance Company, and Pat Redmond alleging breach of contract, intentional infliction of emotional distress, violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq., and race discrimination under 42 U.S.C. § 1981. The district court dismissed Ebeh's complaint for lack of subject matter jurisdiction. This is Ebeh's appeal.

## I.

Ebeh filed a complaint in federal district court alleging that the defendants mishandled his request for workers' compensation benefits by delaying payments required by a "three party contract" and "intentionally depriv[ing]" him of "entitled income." As a result of that alleged breach of contract, Ebeh could not pay his rent, was evicted from his home, and lost all of his personal possessions. He asserts that the defendants' conduct was "outrageous" and "utterly intolerable in a civilized society."

The defendants moved to dismiss the complaint for lack of subject matter jurisdiction. They argued that all of Ebeh's claims derived from work-related

injuries and noted that Florida's Workers' Compensation Act, Fla. Stat. § 440.11, provides the exclusive legal remedy for on-the-job injuries suffered by workers in Florida. The district court agreed and dismissed the complaint. It reasoned that Ebeh's claims fell within the scope of the Act, which meant that Florida's circuit courts would lack subject matter jurisdiction over Ebeh's claims. And where Florida's state courts lack jurisdiction over an employee's work-related claims, a federal district court also lacks jurisdiction over those claims and any other claims for damages not available under Florida's workers' compensation scheme.

## II.

"We review de novo a district court's finding that it lacks subject matter jurisdiction." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009).

Florida's Workers' Compensation Act provides the "exclusive" remedy for an employee with a grievance against an employer or the employer's workers' compensation carrier. Fla. Stat. § 440.11(1), (4). Under that statute, "the employee relinquishes certain common-law rights with regard to negligence in the workplace and workplace injuries in exchange for strict liability and the rapid recovery of benefits." Aguilera v. Inservices, Inc., 905 So. 2d 84, 90 (Fla. 2005); see also Cramer v. Florida, 117 F.3d 1258, 1262 n.9 (11th Cir. 1997) (noting that

3

the Act "expressly preempts common law tort remedies for on-the-job injuries suffered by workers in Florida").

The only exception to the Act's exclusivity is "intentional tortious conduct." Aguilera, 905 So. 2d at 90; see also id. at 91 (stating that Florida's workers' compensation "system does not declare an 'open season' with regard to intentional torts against workers"). An employee with an intentional tort claim against an employer or an employer's workers' compensation carrier may bring suit in Florida circuit court to recover damages. See id. at 92. Otherwise, the circuit court lacks jurisdiction over the employee's claims. See Old Republic Ins. Co. v. Whitworth, 442 So. 2d 1078, 1079 (Fla. 3rd DCA 1983); see also Sanders v. City of Orlando, 997 So. 2d 1089, 1093 (Fla. 2008) (noting that Florida state courts have "uniformly held . . . that [Florida circuit] courts have no subject matter jurisdiction to adjudicate disputes involving workers' compensation issues").

We have held that where Florida's circuit courts lack jurisdiction over an employee's work-related claims because of the Act, a federal district court also lacks jurisdiction to consider those claims and any other claims "for additional damages over and above the relief that can be obtained" in the state workers' compensation proceedings. Connolly v. Md. Cas. Co., 849 F.2d 525, 528 (11th Cir. 1988). Thus, if a plaintiff does not escape the exclusive force of Florida's

4

Workers' Compensation Act by alleging a viable intentional tort claim, a federal district court lacks jurisdiction to adjudicate the case. Id. at 528.

## III.

We agree with the district court that Ebeh's complaint does not sufficiently allege an intentional tort, so the exclusivity of Florida's workers' compensation scheme deprived the court of subject matter jurisdiction. Although Ebeh's complaint uses the proper legal terminology to describe an intentional infliction of emotional distress claim, the alleged facts underlying that claim establish nothing more than breach of contract and unreasonably delayed payments. The gravamen of his complaint is that he was a beneficiary of a "three party contract" and the defendants "deprived him of a regular entitled income which caused [him] to be unable to pay his bills and support his family." Those facts do not support a cause of action for intentional infliction of emotional distress, regardless of the legal terminology that Ebeh uses to couch his allegations. "[A] complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quotation marks omitted); see also Connolly, 849 F.2d at 526 ("[A] compensation claimant cannot avoid the exclusivity of [Florida's Workers' Compensation Act] and transform a delay in payments into an actionable tort

5

cognizable in the Circuit Court simply by calling that delay outrageous, fraudulent, deceitful, or an intentional infliction of emotional distress.").

Because Ebeh's complaint does not allege sufficient facts to establish a facially plausible intentional tort action, his claims fall within the scope of Florida's Workers' Compensation Act. That statute provides his exclusive remedy.[1]

**AFFIRMED.**

---

[1] The district court also lacks jurisdiction over Ebeh's 42 U.S.C. § 1981 claim because there is no legal basis for asserting that claim apart from the alleged violations of Florida's workers' compensation laws, and the remedy for those violations "cannot rise above the exclusive remedy provided by the Florida statutes." Connolly, 849 F.2d at 528.