DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**P.D.K., INC.,** a Florida corporation,
Appellant,

v.

**MADELINE** and **WILLIAM MCCONNELL,**
Appellees.

No. 4D18-3124

[March 4, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Janet C. Croom, Judge; L.T. Case No. 562017CA1650AXXXHC.

Louis C. Arslanian, Hollywood, for appellant.

Emily C. Komlossy of Komlossy Law, P.A., Hollywood, for appellees.

***ON MOTION FOR REHEARING AND REHEARING EN BANC***

PER CURIAM.

We deny the motion for rehearing, but withdraw our prior opinion and substitute the following in its place.

Appellant corporation challenges a final summary judgment in appellee's action to permit inspection of corporate records of appellant, and to set a shareholder meeting pursuant to sections 607.1602 and 607.0703, Florida Statutes (2017). We affirm.

Appellant contended that appellees were not entitled to receive the records, because they were no longer shareholders of the corporation. Appellant maintained that they had forfeited their shares when they refused to infuse additional monies into the corporation. The shareholder agreement between the parties, however, had no provision for forfeiture or cancellation of shares for any reason. It further included a provision which required any modification of the agreement to be in writing and signed by all the parties. No such agreement was provided. While appellant contends that the contract was orally modified, the requirements of

*Okeechobee Resorts, L.L.C. v. E Z Cash Pawn, Inc.*, 145 So. 3d 989 (Fla. 4th DCA 2014), were not met.  Those requirements include:

> (a) that the parties agreed upon and accepted the oral modification (i.e., mutual assent); *and* (b) that both parties (or at least the party seeking to enforce the amendment) performed consistent with the terms of the alleged oral modification (not merely consistent with their obligations under the original contract); *and* (c) that due to plaintiff's performance under the contract as amended the defendant received and accepted a benefit that it otherwise was not entitled to under the original contract (i.e., independent consideration).

*Id.* at 995.

At the least, appellant failed to allege that the parties agreed upon and accepted an oral agreement that the appellees would forfeit their shares if they did not provide funds to the corporation.  Appellees, through affidavit, stated that they never consented to any cancellation or forfeiture of their shares and provided emails and other documents to show no mutual assent.  Appellant's principal's affidavit, as well as that of his attorney, both detailed a meeting with appellee where appellant demanded that appellee provide additional funding for the corporation.  Appellant informed him that his shares would be forfeited should he refuse.  What the attorney's affidavit states is that appellee refused to put more money into the corporation and was advised of the consequences should he refuse.  Appellant did make a conclusory statement in his affidavit that the reason that he refrained from suing appellee is because appellee "agreed and acquiesced" to the forfeiture.  This, however, is a factual conclusion.  "The affidavit in support of the summary judgment may not be based upon factual conclusions or conclusions of law." *Hurricane Boats, Inc. v. Certified Indus. Fabricators, Inc.,* 246 So. 2d 174, 175 (Fla. 3d DCA 1971).  The gist of the affidavit, as well as appellant's pleadings, was that appellees had never voiced objection to a forfeiture.  That is not the same as mutual assent.  *See Long Term Mgmt., Inc. v. Univ. Nursing Care Ctr., Inc.,* 704 So. 2d 669, 675 (Fla. 1st DCA 1997) (parties' silence is insufficient to show mutual assent); *cf. also West Coast Inc. v. Florida Blacktop Inc.,* 88 So. 3d 301, 305 (Fla 4th DCA 2012) (offer which contains provision that silence will be taken as consent, does not turn offer into acceptance because offeror cannot prescribe terms so that offeree's silence constitutes acceptance).

2

Appellant also contends that, if the court denied its motion to amend, filed the week before the summary judgment hearing, the court erred as amendments should be liberally granted. Yet, in its initial brief, appellant notes that because the court allowed argument on the merits of the motions, as well as subsequent briefing, the court implicitly granted the motion. The appellant asks this court to reverse "to the extent that this court finds that the motion was not granted." If the court granted the motion, there is no reversible error for which appellant can complain. This court should not have to guess whether or not a trial court made a ruling. To preserve an issue for appeal, a party must obtain a ruling from the trial court. *See Carratelli v. State*, 832 So. 2d 850, 856 (Fla. 4th DCA 2002), and cases cited therein.

Although the court heard some argument on the motion to amend, it never granted or denied it, but its comments at the hearing suggest that it would first decide whether the lack of a written modification precluded appellant from claiming that appellee's shares were forfeited. The court granted summary judgment on that issue. Even if the court denied the motion to amend, it is apparent from a reading of the proposed amended answer that it mirrors the affidavit of appellant with respect to the issues of forfeiture of appellee's stock and thus whether there was mutual assent. Although the appellant raised estoppel and detrimental reliance, *Okeechobee Resorts* disposes of reliance on those theories of oral modification without mutual assent to the modification. Thus, the court was not required to grant a motion to amend which would be futile. *Quality Roof Servs., Inc. v. Intervest Nat'l Bank*, 21 So. 3d 883 (Fla. 4th DCA 2009).

*Affirmed.*

LEVINE, C.J., WARNER, J., and PHILLIPS, CAROL-LISA, Associate Judge, concur.

*     *     *